[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 16, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-10224

_____

D. C. Docket No. 06-00300-CR-T-30-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD GEORGE STARK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 16, 2008)**

Before EDMONDSON, Chief Judge, WILSON, Circuit Judge, and ALTONAGA,[*]
District Judge.

PER CURIAM:

_____

[*]Honorable Cecilia M. Altonaga, United States District Judge for the Southern District of
Florida, sitting by designation.

On March 3, 2006, acting on evidence obtained through an investigation of sources of online child pornography, officers executed a search warrant at the home of Appellant, Ronald Stark ("Stark"). During their search, officers seized, among other things, Stark's laptop and desktop computers, on which they identified over 1,000 images of child pornography. During the course of their investigation, officers determined that in January of 2001, Stark had molested and taken nude photographs of his then-girlfriend's nine-year-old daughter ("Victim One").

Stark subsequently pleaded guilty to all counts in a three-count indictment charging him with: Count I, enticing a minor to engage in sexually explicit conduct for purposes of producing visual depictions (18 U.S.C. § 2251(a)); Count II, possessing child pornography (18 U.S.C. § 2252A(a)(5)(B)); and Count III, transporting visual depictions of minors engaged in sexually explicit conduct (18 U.S.C. § 2252A(a)(1)). Count I related solely to the time period "[o]n or about January 29, 2001[,]" the date on which Stark was charged with enticing and coercing a minor, Victim One, to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct. Count II charged Stark with knowingly possessing, "from at least August 29, 2003, through on or about

March 3, 2006," child pornography. Count III charged Stark with knowingly transporting child pornography in interstate and foreign commerce "[o]n or about August 27, 2003[.]"

The Pre Sentence Investigation Report ("PSI") prepared by the Probation Office, in describing the Offense Conduct, stated that Stark had posted on Yahoo! Groups pornography depicting prepubescent subjects, including Victim One. The PSI also stated that on April 19, 2006, Stark admitted he had downloaded images of Victim One to his computer and disks, and that he may have traded these images on the Internet. The PSI further explained that Victim One advised that Stark had put some of the pictures of her on the Internet and put some of the pictures on his computer wall paper and screen saver. In his Objections, Stark did not challenge these assertions. The trial court accepted the information contained in the PSI.

In a sentencing memorandum filed before his sentencing hearing, and at his January 2007 sentencing hearing, Stark requested a sentence of 120 months' imprisonment to be followed by 120 months' supervised release. The sentencing court sentenced Stark to 120 months as to Count I (the statutory minimum for that count), 108 months as to Count II, and 84 months as to Count III, all sentences to run consecutively, for a total sentence of 312 months, to be followed by five years

of supervised release. The range under the 2006 Guidelines Manual had been calculated as 324 to 405 months.[1]

Stark asserts on appeal that: (1) application of the 2006 Guidelines Manual in calculating his sentence violated the Ex Post Facto Clause of the United States Constitution; (2) the sentence imposed was unreasonable; and (3) the district court committed reversible error by failing to comply with 18 U.S.C. § 3553(c).

## A.

The Court reviews *de novo* properly-preserved questions of law regarding application of the Guidelines. *See United States v. Crawford*, 407 F.3d 1174, 1178 (11th Cir. 2005).

Stark's Count I was completed in January 2001. The offenses charged in Counts II and III included conduct spanning from at least as early as 2003 through March 2006. In the PSI, pursuant to U.S.S.G. § 1B1.11(b)(3), the Probation Office calculated Stark's advisory Guidelines range under the 2006 Guidelines Manual, the Manual in effect at the time of sentencing. In his sentencing memorandum and at the sentencing hearing, Stark asserted that the court's use of the 2006 Guidelines Manual in selecting his sentence would violate the Ex Post

---

[1] Neither party challenges the calculation of the 2006 Guidelines range.

Facto Clause of the United States Constitution[2] by providing a recommended Guidelines sentence range higher than that which would have been recommended under the Guidelines in effect at the time of Stark's completion of Count I.[3]

The Guidelines themselves provide that the sentencing court should use the Guidelines Manual in effect on the date the defendant is sentenced. *See* U.S.S.G. § 1B1.11(a). Should the sentencing court determine that the use of those Guidelines would violate the Ex Post Facto Clause, however, the court is instructed to use the Guidelines Manual in effect on the date the offense of conviction was committed. *See id.* at § 1B1.11(b)(1). Where the defendant has been found guilty of two or more offenses committed while different versions of the Guidelines were in effect, as in this case, the Guidelines instruct the sentencing court to apply the more recent Guidelines to both offenses, even if the use of the more recent Guidelines results in a more severe sentence than the use of

---

[2] The Ex Post Facto Clause, U.S. Const. Art. I, § 9, cl. 10, protects people from, among other things, being subjected to a punishment more severe than that prescribed when the crime was committed. *See United States v. De La Mata*, 266 F.3d 1275, 1286 (11th Cir. 2001). The United States Supreme Court has held that the application of a mandatory sentencing Guidelines scheme may implicate the Ex Post Facto Clause where the sentence prescribed in the applicable Guidelines Manual is more severe than the sentence prescribed at the time the crime was committed. *See Miller v. Florida*, 482 U.S. 423, 431-33 (1987). While the parties agree that the advisory nature of the Guidelines post-*Booker* does not change the Ex Post Facto analysis, this is an issue we need not decide here. *See United States v. Booker*, 543 U.S. 220 (2005).

[3] The parties agree that Stark's recommended sentencing range would have been significantly lower if calculated pursuant to the 2000 Guidelines Manual.

Guidelines in effect at the time of the earlier crime. *See id.* at § 1B1.11(b)(3); §

1B1.11, cmt. 2. The purpose of this provision is to give effect to the Guidelines'

"one-book rule," which requires any Guidelines Manual to be applied in its

entirety (as opposed to applying some sections from one version of the Guidelines

and another section from another version of the Guidelines). *See id.* at §

1B1.11(b)(2).

In *United States v. Bailey*, 123 F.3d 1381, 1406-07 (11th Cir. 1997), this

Court held that, where a defendant has been convicted of multiple counts, use of

the one-book rule to sentence all related counts under the Guidelines Manual in

effect at the completion date of the latest count does not violate the Ex Post Facto

Clause. In 2005, this Court reaffirmed *Bailey*, affirming the application of the

2000 Guidelines to a series of crimes, some of which were concluded in 1993. *See*

*United States v. York*, 428 F.3d 1325, 1337 (11th Cir. 2005).

The information provided in the PSI, and Stark's failure to object before the

trial court, demonstrate that the images of Victim One produced by Stark in Count

I were among those found and posted on the Internet by Stark as part of the

conduct charged in Counts II and III. Accordingly, Stark's charged offenses were

indeed related, notwithstanding the passage of time between Counts I and Counts

II and III. Thus, under *Bailey*, the one-book rule was properly applied in this case

6

and no Ex Post Facto violation occurred as a result of the sentencing court's use of the 2006 Guidelines Manual.

B.

The Court reviews sentences imposed by district courts for reasonableness. *See United States v. Booker*, 543 U.S. 220, 261 (2005). In reviewing a sentence for reasonableness, the Court must consider the final sentence imposed, in its entirety, in light of the 18 U.S.C. § 3553(a) factors. *See United States v. Thomas*, 446 F.3d 1348, 1350 (11th Cir. 2006). The Court's "review for reasonableness is deferential." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

At his sentencing hearing, Stark argued for a variance from the recommended 324- to 405- month Guidelines range based on his assertions that, among other things: (1) his crimes were isolated incidents and he lacked a significant criminal history, (2) he had shown remorse, (3) he was of advanced age (in his fifties), (4) he had a successful employment history and academic background, (5) his crimes were non-violent and did not involve guns or drugs, and (6) he had completed military service. Stark argues that his 312-month sentence is greater than necessary to achieve the goals of sentencing because, taking all of the 18 U.S.C. § 3553(a) factors into consideration, a reasonable

sentence would have been within the 121- to 151-month range that would have resulted from the application of the 2000 Guidelines.

The government argues that Stark's sentence was reasonable because it was: (1) 12 months lower than the low end of the applicable Guidelines range; (2) low in relation to the statutory maxima for the crimes (10 years, 15 years, and 20 years, respectively); and (3) appropriate in light of Stark's history and characteristics, and the need to afford deterrence, protect the public, and provide correctional treatment.

The sentencing court properly considered the section 3553(a) factors because it had the benefit of Stark's sentencing memorandum and the parties' arguments at the sentencing hearing, both of which addressed the factors. In addition, the court acknowledged, both at sentencing and in the order of judgment, that it had considered the appropriate factors. We cannot say that a 312-month sentence, for crimes involving the direct abuse of one child and the indirect abuse of hundreds of others, spanning several years,[4] is unreasonable.

C.

---

[4] Some of the images contained on Stark's computer depicted very young children in violent or humiliating poses.

Stark asserts the sentencing court erred in not complying with 18 U.S.C. § 3553(c)(2) in that it imposed a sentence outside the recommended Guidelines range without explaining its reasons for doing so. Section 3553(c)(2) requires, where the court imposes a sentence outside the Guidelines range, that the court state in open court the reasons for its imposition of the particular sentence, and in its written order of judgment and commitment state its specific reasons for sentencing outside the recommended Guidelines range. 18 U.S.C. § 3553(c)(2). A sentencing court's compliance with section 3553(c) is reviewed *de novo*, even where the issue is not preserved for appeal. *See United States v. Bonilla*, 463 F.3d 1176, 1181 (11th Cir. 2006).

In this case, the sentencing court accepted the 324- to 405- month recommended Guidelines range, and sentenced Stark to a total sentence of 312 months. The court did not specifically state its reasons, either in open court or in the written order of judgment and commitment, for sentencing outside the Guidelines range, instead stating only that it had "reviewed the presentence report and considered the factors in 18 U.S.C. § 3553 and the Sentencing Reform Act of 1984. . . ."

The government contends, among other things, that remand for a statement of more particularized reasons would serve no purpose. We agree. The sentence

9

challenged is a below-the-Guidelines sentence.  It is not the government, the party who advocated a greater sentence than that which was imposed, who has raised this issue.  Furthermore, it is not apparent how any non-compliance with section 3553(c)(2) may have harmed Stark, the recipient of a sentence below the advisory Guidelines range.

**AFFIRMED**.