[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10122
Non-Argument Calendar
_____

D.C. Docket No. 6:11-cr-00346-JA-DCI-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRIAN GAWLIK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 12, 2017)

Before TJOFLAT, WILLIAM PRYOR, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Brian Gawlik appeals his 24-month sentence and 15-year term of supervised release, imposed following revocation of his supervised release. On appeal, he asserts that his sentence is procedurally and substantively unreasonable. After careful review, we affirm.

## I.    BACKGROUND

In 2012, Defendant pled guilty to two counts of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). The district court sentenced him to 41 months' imprisonment and 10 years of supervised release. Defendant began serving his term of supervised release in October 2014, and before the term expired, the probation officer filed a petition with the district court alleging that Defendant had violated conditions of his supervised release. According to the petition, Defendant committed the following supervised release violations: (1) he viewed images of children in sexually explicit positions; (2) he had direct contact with minors; (3) he used and possessed a computer; (4) he failed to be truthful with his probation officer; and (5) he failed to register an email address.

At a revocation hearing before a magistrate judge, Defendant admitted all five violations. At a subsequent sentencing hearing, the district court determined that the violations constituted Grade C violations, and with a criminal history category of I, Defendant's guideline range was 3 to 9 months' imprisonment with a

2

2-year statutory maximum.  Defendant requested a sentence of home confinement.

The Government argued for the statutory maximum, asserting that Defendant was

a danger to children.  In particular, the Government explained that despite his 41-

month imprisonment sentence and sex offender treatment, Defendant was

undeterred from violating the conditions of his supervised release.  After

considering the 18 U.S.C. § 3553(a) factors, the district court revoked Defendant's

supervised release and sentenced him to 2 years' imprisonment, followed by 15

years of supervised release.  Defendant objected to the sentence on substantive

reasonableness grounds.  This appeal followed.

## II.    DISCUSSION

We review a sentence imposed upon revocation of supervised release for

reasonableness.  *United States v. Sweeting*, 437 F.3d 1105, 1106–07 (11th Cir.

2006); *see also Gall v. United States*, 552 U.S. 38, 46 (2007) (explaining that we

apply an abuse of discretion standard when reviewing for reasonableness).

When reviewing the reasonableness of a sentence, we first look to whether

the district court committed any significant procedural error, such as

miscalculating the advisory guideline range, treating the Sentencing Guidelines as

mandatory, failing to consider the § 3553(a) factors,[1] selecting a sentence based on

---

[1] The § 3553(a) factors include:  (1) the nature and circumstances of the offense and the history
and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to

3

clearly erroneous facts, or failing to adequately explain the chosen sentence. *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014).  Then, we examine whether the sentence is substantively reasonable in light of the totality of the circumstances.  *Id.*  The party challenging the sentence bears the burden of showing that it is unreasonable.  *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008).

### A.     Procedural Reasonableness

Defendant argues that his 24-month sentence is procedurally unreasonable. First, he asserts that the district court procedurally erred by considering an impermissible factor:  that Defendant could not be rehabilitated.  He also argues that the district court failed to provide a sufficient explanation for imposing an upward variance.

Because Defendant did not argue below that the district court considered an improper factor, we review this argument for plain error.  *United States v.*

---

promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed education or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a).

*Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).[2] A sentencing court may not impose or lengthen a "prison term to promote an offender's rehabilitation." *Tapia v. United States*, 564 U.S. 319, 332 (2011); *Vandergrift*, 754 F.3d at 1309 (extending *Tapia*'s holding to the term of imprisonment imposed upon revocation of supervised release). We have held that a district court commits *Tapia* error when it considers "prison's rehabilitative benefits" when deciding on the term of imprisonment. *Vandergrift*, 754 F.3d at 1311–12. "Because it is impermissible to consider rehabilitation, a court errs by relying on or considering rehabilitation in any way when sentencing a defendant to prison." *Id.* at 1311.

Contrary to Defendant's contentions, the district court did not consider rehabilitation when imposing Defendant's sentence. The district court did not seek to use imprisonment as a "means of promoting correction and rehabilitation." *See id.* at 1310 (quotation omitted). Nor did it consider the "rehabilitative benefits of prison" when imposing the 24-month sentence. Instead, the district court emphasized Defendant's recidivism, the need to deter Defendant, and to need to protect the public from Defendant's conduct. But to the extent Defendant could even show that the district court considered rehabilitation, it was "only a minor

---

[2] To establish plain error, "there must be (1) an error (2) that is plain . . . (3) that has affected the defendant's substantial rights" and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Madden*, 733 F.3d 1314, 1320 (11th Cir. 2013).

fragment of the court's reasoning." *Id.* at 1312 (quotation omitted).  Because the record makes clear that the district court's primary concern in sentencing Defendant was the need for deterrence and to protect the public from Defendant's conduct, Defendant cannot demonstrate that his substantial rights were violated. *See id.* (concluding that defendant failed to show that his sentence would have been different without consideration of rehabilitation because that factor was a minor consideration, not the driving force behind the defendant's sentence). Accordingly, Defendant has failed to show that the district committed error, much less plain error.

As to Defendant's argument that the district court failed to sufficiently explain its reasons for imposing an upward variance, we review this argument *de novo*. *See United States v. Parks*, 823 F.3d 990, 996 (11th Cir. 2016) (reviewing *de novo* defendant's argument raised for the first time on appeal regarding whether the district court complied with 18 U.S.C. § 3553(c)(2) by explaining the specific reason for imposing a sentence outside the guideline range).

Defendant's argument is wholly without merit.  In imposing the upward variance, the district court explained that the 24-month sentence was "absolutely required in this case" based on the nature and circumstances of the underlying offense and the supervised release violations, the need for the sentence to reflect the seriousness of the offense, the need to afford adequate deterrence, and the need

to protect the public from Defendant's conduct.  The district court's thorough explanation for imposing the upward variance reflects that the district court "considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority." *United States v. Livesay*, 525 F.3d 1081, 1090 (11th Cir. 2008) (quotation omitted).  In short, Defendant has failed to meet his burden of showing that the district court imposed a procedurally unreasonable sentence.

### B.    Substantive Reasonableness

Defendant argues that his 24-month sentence was not supported by the § 3553(a) factors and that the district court abused its discretion by imposing a 15-year term of supervised release.

Here, Defendant's 24-month sentence was substantively reasonable.  Again, as noted by the district court, the sentence was supported by several § 3553(a) factors:  the nature and circumstances of the underlying offense and the supervised release violations; the need for the sentence to reflect the seriousness of the offense; the need to afford adequate deterrence; and the need to protect the public from Defendant's conduct.  Indeed, the district court emphasized the seriousness of exploiting children and the fact that Defendant used a computer to view images of nude children while on supervised release for the underlying offense of possession of child pornography.  Defendant also misled his probation officer about his access

7

to the internet at his job and tried to conceal his conduct.  That the district court placed greater emphasis on these factors than Defendant's mitigating circumstances was entirely within its discretion.  *See United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) ("The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." (quotations omitted)).

We are also not persuaded by Defendant's argument that his 15-year term of supervised release was substantively unreasonable.  The district court noted the apparent success of the probation office in detecting Defendant's supervised release violations and that a 15-year term was necessary based on Defendant's history and to prevent Defendant from putting children at risk.

Accordingly, Defendant's sentence is **AFFIRMED**.