[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-17118
Non-Argument Calendar

_____

D.C. Docket No. 2:12-cr-00409-LSC-HGD-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

AZELL TYWON CANTY,

Defendant - Appellant.

_____

Appeals from the United States District Court
for the Northern District of Alabama

_____

(October 6, 2017)

Before HULL, WILSON, and JORDAN, Circuit Judges.

PER CURIAM:

Azell Tywon Canty appeals the district court's imposition of a 36-month sentence of imprisonment upon the revocation of his term of supervised release. After a review of the record and the parties' briefs, we affirm.

## I

In June of 2013, Mr. Canty pled guilty to charges of conspiracy to commit bank fraud in violation of 18 U.S.C. §§ 1349 and 1344, access device fraud in violation of 18 U.S.C. § 1029(a)(3), and aggravated identity theft in violation of 18 U.S.C. § 1028A. The district court sentenced Mr. Canty to 61 months' imprisonment, followed by a supervised release term of 60 months.

Within the first year of his supervised release term, and in violation of two of his supervised release conditions, Mr. Canty traveled to Georgia without permission and was arrested and charged with identity fraud. Mr. Canty's probation officer then petitioned the district court for a warrant for his arrest and recommended the revocation of his supervised release term.

At the revocation hearing, the district court ultimately found that Mr. Canty violated his supervised release term on both bases. The district court stated that the evidence presented "indicate[d] [ ] that [Mr. Canty] was back doing the exact same thing he had done before." D.E. 128 at 19. The district court also stated that Mr. Canty faced a statutory maximum of 36 months' imprisonment and that the advisory revocation range was 21 to 27 months' imprisonment.

The district court heard argument from both sides, and ultimately sentenced Mr. Canty to 36 months' imprisonment.  The district court stated that the maximum sentence was warranted because Mr. Canty had "evidenced his absolute disregard for the law."  *Id*. at 20.  The district court also believed that Mr. Canty was "obviously just interested in . . . jumping right back into criminal activity" as soon as he got out of prison, which the district court "assume[d] he w[ould] do when he gets through [ ] with this sentence."  *Id*.  The district court ultimately expressed a "hope" that Mr. Canty would grow "tired of committing crimes."  *Id*. at 21.  At the end of the hearing, the district court asked if it had missed "anything," to which Mr. Canty's attorney responded no.  *Id.*

On appeal, Mr. Canty argues that the district court failed to consider all of the relevant 18 U.S.C. § 3553(a) factors, only considered deterrence under § 3553(a)(2)(B), and did not state a rationale for imposing its sentence.  Mr. Canty generally argues the district court erred in not sentencing him within the recommended range provided in Chapter 7 of the Sentencing Guidelines.  He also briefly asserts that his 36-month sentence is unreasonable because of the "relatively minor charges that he faces in state court."  Br. of Appellant at 7.

## II

We generally review a district court's revocation of supervised release for an abuse of discretion and review the sentence imposed by the district court for

reasonableness. *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). Because Mr. Canty did not object to the procedural reasonableness of his sentence below, we apply a plain-error standard to all but one of his procedural reasonableness arguments. *See id*. To prevail under plain-error review, Mr. Canty has to establish that "(1) the district court erred, (2) that the error was plain, and (3) that the error affected his substantial rights." *Id*. (internal quotation marks omitted). If he establishes these three elements, then we have to decide "whether the error seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Id*. (internal quotation marks omitted).

The only issue we do not review for plain error is whether the district court complied with § 3553(c)(2) and stated a rationale for imposing a 36-month sentence. *See United States v. Parks*, 823 F.3d 990, 996 (11th Cir. 2016). We review this issue *de novo*, despite Mr. Canty's failure to object on this basis below. *See id*.

### III

A district court must consider certain of the factors outlined in § 3553(a) when determining whether to revoke a term of supervised release. *See Vandergrift*, 754 F.3d at 1308; 18 U.S.C. § 3583(e). Although a district court does not have to "state on the record that it has explicitly considered each of the § 3553(a) factors or [ ] discuss each of the § 3553(a) factors," there must be an

4

indication from the record that the factors were considered. *See United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007) (internal quotation marks and citations omitted). And, the district court can give greater weight to one factor over others. *See United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014).

The § 3553(a) factors that a district court must consider under § 3583(e) are in relevant part as follows:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed . . . (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed [training or treatment]; . . . (4) the kinds of sentence and the sentencing range established for--(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ; and (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission . . . (5) any pertinent policy statement—(A) issued by the Sentencing Commission . . .; and (B) that . . . is in effect on the date the defendant is sentenced; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).[1]

Mr. Canty argues that the district court failed to consider all of the § 3553(a) factors, and instead, only considered § 3553(a)(2)(B). Although the district court did not mention § 3553(a) explicitly, it did discuss in substance the most relevant factors to Mr. Canty's case. The district court referred to the nature of the offense

---

[1] Under § 3583(e), §§ 3553(a)(2)(A) and 3553(a)(3) are not listed as factors a district court must consider.

and history of the defendant, *see* § 3553(a)(1), by noting that the crime for which Mr. Canty was most recently arrested was "the exact same thing he had done before." The district court also considered the need for the sentence imposed to accomplish certain things, *see* § 3553(a)(2), as indicated by its statements that Mr. Canty had "jump[ed] right back into criminal activity" and that it "hope[d]" he would grow "tired of committing crimes." The district court also referred to the statutory maximum sentence and the revocation advisory range, indicating its consideration of the relevant sentencing possibilities, the applicable guidelines, and policy statements, *see* § 3553(a)(4)–(6). Based on the record before us, we conclude that the district did not commit plain error in this regard.[2]

As for Mr. Canty's argument that the district court failed to provide "any reasoning" for imposing the 36-month sentence rather than a sentence within the Chapter 7 advisory range, *see, e.g.,* Br. of Appellant at 4, the record suggests otherwise. Under § 3553(c), the district court was required to state a basis "in open court" for imposing a 36-month sentence, *see Parks*, 823 F.3d at 995, and it did so.[3] The district court stated that it was imposing the sentence in large part

---

[2] Mr. Canty does not attempt to show that the district court committed plain error. Mr. Canty assumed in his initial brief that an abuse-of-discretion standard applied and failed to file a reply brief to respond to the government's brief, which argued for plain-error review.

[3] Although Mr. Canty does not explicitly refer to § 3553(c), we construe his argument to be based on the statutory requirement imposed by § 3553(c)(2) because he argues that the district court did not "give any reasoning" as to why it imposed a 36-month sentence rather than a sentence within the advisory range provided by Chapter 7 of the Sentencing Guidelines. We do not address whether the district court complied with the other part of § 3553(c)(2), which

because Mr. Canty "evidenced his absolute disregard for the law," and was continuing to commit criminal offenses. The district court's explanation is sufficiently specific to allow us to review the district court's bases for imposing the sentence. *See id*. at 997 ("To satisfy § 3553(c)(2), the district court's reasoning must be sufficiently specific so that an appellate court can engage in the meaningful review envisioned by the Sentencing Guidelines.") (internal quotation marks omitted). As a result, the district court did not err.

## IV

Mr. Canty also seems to argue that his sentence is unreasonable because it falls outside of the advisory sentencing range provided by Chapter 7 of the Sentencing Guidelines. When reviewing the substantive reasonableness of a sentence, we take into account the totality of the circumstances, including any variance from a relevant Sentencing Guidelines range. *See Gall v. United States*, 552 U.S. 38, 51 (2007). And although we generally review the substantive reasonableness of a sentence for an abuse of discretion, *see id*. at 41, we have reviewed orders related to Chapter 7 of the Sentencing Guidelines for plain error when the defendant—like Mr. Canty here—has failed to object to the deviation from the Chapter 7 range below. *See, e.g., United States v. Aguillard*, 217 F.3d

requires a district court to state its basis "with specificity in a statement of reasons form" when it decides to impose a non-guideline sentence because Mr. Canty does not argue that the district court failed to provide a *written* basis for its sentence.

1319, 1320 (11th Cir. 2000).[4]   *Cf. United States v. Hofierka*, 83 F.3d 357, 361–62 (11th Cir. 1996) (applying an abuse-of-discretion standard in a case where the defendant objected below to a sentence exceeding the Chapter 7 range).

We have often held that the statements in Chapter 7 are policy statements that are advisory and not binding on a district court.  *See, e.g., Aguillard*, 217 F.3d at 1320.  It is sufficient for our purposes that there is "some indication" that the district court was "aware of and considered" the Chapter 7 guidelines.  *See id.* Here, the record demonstrates that the district court referred to the Chapter 7 range and explained why Mr. Canty should be sentenced beyond it.  There is enough on the record for us to conclude that the district court was "aware of and considered" the Chapter 7 range before sentencing Mr. Canty above it.  The record also supports the district court's decision to impose a 36-month sentence.  Therefore, the district court did not commit plain error.

To the extent Mr. Canty asks us to evaluate the reasonableness of his sentence based on the "relatively minor charges that he faces in state court," we decline his invitation.  Mr. Canty's brief reference to this point and failure to cite

---

[4] We recognize that there is no binding precedent that states that a plain-error standard of review should always apply when a party fails to object on substantive reasonableness grounds.  *See, e.g., United States v. Medina*, 656 F. App'x 975, 981 (11th Cir. 2016) ("[T]to our knowledge, we have yet to decide in a published opinion whether we review the substantive reasonableness of a defendant's sentence for plain error if the defendant failed to raise any objection before the district court."). Here, however, Mr. Canty's argument would fail even under an abuse-of-discretion standard.

any authority prevents us from evaluating his argument.    *See Singh v. U.S. Atty.
Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009) ("[A]n appellant's simply stating that
an issue exists, without further argument or discussion, constitutes abandonment of
that issue and precludes our considering the issue on appeal.").

## V

The district court did not err in sentencing Mr. Canty to 36-months'
imprisonment after he violated his supervised release term conditions.  As a result,
we affirm.

**AFFIRMED.**

9