[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-11618

_____

D.C. Docket No. 1:01-cr-00043-MP-GRJ-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SHANNON PARKS,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 20, 2016)

Before WILSON, MARTIN, and HIGGINBOTHAM,* Circuit Judges.

HIGGINBOTHAM, Circuit Judge:

_____

* Honorable Patrick E. Higginbotham, United States Circuit Judge for the Fifth Circuit,
sitting by designation.

Appellant Shannon Parks admitted to two violations of his conditions of supervised release. With an applicable guideline range of 21-27 months, the district court sentenced him to the statutory maximum—60 months. Parks urges that the district court committed two procedural errors: (1) it failed to consider the 18 U.S.C. § 3553(a) factors; and (2) it failed to give a "specific reason" for his non-guideline sentence, as required by 18 U.S.C. § 3553(c)(2). As he did not adequately object to these asserted errors, we must confront whether Parks faces the hurdle of plain error.

## I.

Parks pled guilty to one count of felon in possession of a firearm and, in November 2001, was sentenced to 195 months in prison followed by five years of supervised release. On a Government motion under Federal Rule of Criminal Procedure 35, his sentence was reduced to 147 months in prison, and he was released from federal custody on September 18, 2012. Fifteen months later, Parks was arrested by state authorities. On March 9, 2015, he pled guilty in state court to two counts of burglary of a structure and two counts of grand theft; he was sentenced to 455 days with credit for time served. That same day, Parks was taken into custody by federal authorities.

The Government alleged that Parks had committed two Grade B violations of his conditions of supervised release.[1]    Given his criminal history category of VI, the applicable guideline range was 21 to 27 months.[2]  The district court held a final revocation hearing on April 8, 2015.  Parks admitted to the two violations, but asked the district court to reinstate his term of supervised release.  After a short hearing, the district court sentenced Parks to the statutory maximum of 60 months.  The district court provided the following explanation for this sentence:

> The defendant having admitted to the two violations, it is the judgment of the Court that his supervision be revoked; it is hereby revoked.  This defendant is committed to the custody of the Bureau of Prisons for a term of 60 months.  This is the statutory maximum sentence.  But I direct also that he be given credit for the 455 days time served in the Dixie County Jail against that sentence.  No additional supervision will be imposed.  So the sentence imposed by this Court is 60 months with a credit of 455 days.

When the district court asked Parks if he had any objections, his counsel "lodge[d] an objection as to the sentence, given the fact that it is local guideline range in conjunction with the circumstances of the offense for purposes of the appeal."  Parks now appeals his sentence to this Court.

## II.

Parks raises two claims of error on appeal.  First, he argues that the district court failed to discuss the 18 U.S.C. § 3553(a) factors.  Although a district court

---

[1] *See* U.S.S.G. § 7B1.1(a)(2) (defining a Grade B violation as "conduct constituting any other federal, state, or local offense punishable by a term of imprisonment exceeding one year").

[2] *See* U.S.S.G. § 7B1.4(a) (sentencing table).

"need not discuss each of these factors in either the sentencing hearing or in the sentencing order,"[3] this Court has held that it must at least "acknowledge[]" that it "considered" these factors.[4]   Parks contends that the district court pronounced his sentence without acknowledging the § 3553(a) factors.  Second, Parks argues that the district court failed to comply with 18 U.S.C. § 3553(c).  Under § 3553(c)(2), the district court "shall state in open court the reasons for its imposition of the particular sentence, and if the sentence" is outside the applicable guideline range "the specific reason for the imposition of [that] sentence."

## A.

We turn first to an antecedent question, whether § 3553(c) applies to sentences imposed for supervised release violations—as opposed to sentences imposed for substantive federal crimes.  At least one court has concluded that § 3553(c) does not apply to revocation proceedings.[5]  Section 3553(c) provides:

> (c) Statement of reasons for imposing a sentence.--The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence--

---

[3] *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007) (emphasis omitted).
[4] *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007); *accord United States v. Beckles*, 565 F.3d 832, 846 (11th Cir. 2009).
[5] *See United States v. White Face*, 383 F.3d 733, 739 (8th Cir. 2004); *see also United States v. Johnson*, 640 F.3d 195, 206 (6th Cir. 2011) ("There has been some debate in this circuit regarding whether the requirement of § 3553(c)(2) to state 'the specific reason' for varying or departing from the advisory Guidelines range applies to supervised-release violations, as distinguished from initial sentences.").

(1) is of the kind, and within the range, described in subsection (a)(4) and that range exceeds 24 months, the reason for imposing a sentence at a particular point within the range; or

(2) is not of the kind, or is outside the range, described in subsection (a)(4), the specific reason for the imposition of a sentence different from that described, which reasons must also be stated with specificity in a statement of reasons form issued under section 994(w)(1)(B) of title 28, except to the extent that the court relies upon statements received in camera in accordance with Federal Rule of Criminal Procedure 32. In the event that the court relies upon statements received in camera in accordance with Federal Rule of Criminal Procedure 32 the court shall state that such statements were so received and that it relied upon the content of such statements.

Only subsection (c)(2) is at issue in this case. This provision requires the district court to state "the specific reason for the imposition of a sentence" if that sentence is "outside the range, described in subsection (a)(4)." Subsection (a)(4)—which lists one of the "[f]actors to be considered in imposing a sentence"—"describe[s]" two types of sentencing ranges:

the kinds of sentence and the sentencing range established for--

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

5

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28).

Our analysis starts and ends with the text of these two subdivisions. As the Sixth Circuit has explained, "the plain language of 18 U.S.C. § 3553 provides that § 3553(c)(2) applies to supervised-release-revocation proceedings: § 3553(c)(2) requires a specific statement of reasons for all outside-advisory-range sentences that fall under § 3553(a)(4), which in turn explicitly includes sentences for supervised-release violations."[6] This reading of § 3553(c)(2) is consistent with the decisions of at least four other circuits.[7] It is also consistent with two decisions of this Court applying § 3553(c)(2) to sentences imposed for violations of federal probation[8]—which are determined using the same table as sentences imposed for violations of supervised release. Accordingly, we hold that § 3553(c)(2) applied to Parks's sentencing hearing.

## B.

[6] *See Johnson*, 640 F.3d at 206-07.

[7] *See id.*; *In re Sealed Case*, 527 F.3d 188, 192-93 (D.C. Cir. 2008); *United States v. Lewis*, 424 F.3d 239, 245 (2d Cir. 2005); *United States v. Musa*, 220 F.3d 1096, 1101 (9th Cir. 2000).

[8] *See United States v. Silva*, 443 F.3d 795, 799 (11th Cir. 2006) (per curiam) (noting that the district court "stated its reasons for imposing a sentence outside the range as it was *obligated to do* under § 3553(c)(2)" (emphasis added)); *United States v. Cook*, 291 F.3d 1297, 1302 n.7 (11th Cir. 2002) (per curiam).

The central issue in this case is the proper standard of review.  The Government urges that the applicable standard of review for both of Parks's claims is plain error.  Beyond the general principle that arguments raised for the first time on appeal are reviewed for plain error,[9] the Government relies heavily on this Court's decision in *United States v. Vandergrift*.[10]  Vandergrift received a 24-month sentence for violating the conditions of his supervised release.  On appeal, he "challenge[d] the procedural reasonableness of his 24-month sentence, arguing that the district court relied on impermissible factors in arriving at the sentence."[11]  "[B]ecause Vandergrift did not object [on the basis of] procedural reasonableness at the time of his sentencing,"[12] this Court reviewed this claim for plain error.  Quoting from a 1990 case, we explained: "Where the district court has offered the opportunity to object and a party is silent or fails to state the grounds for objection, objections to the sentence will be waived for purposes of appeal, and this court will not entertain an appeal based upon such objections unless refusal to do so would result in manifest injustice."[13]  The Government asserts that *Vandergrift*'s reasoning applies here because (a) both of Parks's claims challenge

---

[9] *See, e.g.*, *United States v. Madden*, 733 F.3d 1314, 1319 (11th Cir. 2013).

[10] 754 F.3d 1303 (11th Cir. 2014).

[11] *Id.* at 1307.

[12] *Id.*

[13] *Id.* (quoting *United States v. Jones*, 899 F.2d 1097, 1103 (11th Cir. 1990), *overruled on other grounds by United States v. Morrill*, 984 F.2d 1136 (11th Cir. 1993) (en banc) (per curiam)).

This Court "equates manifest injustice with the plain error standard of review."  *Id.* (quoting *United States v. Quintana*, 300 F.3d 1227, 1232 (11th Cir. 2002)).

7

the procedural reasonableness of his sentence; (b) the district court provided Parks with an opportunity to object; and (c) he did not object on the basis of either § 3553(a) or § 3553(c)(2).

Parks has two responses to this argument. First, that *Vandergrift*—and plain error review—are inapplicable because he did object at sentencing. We disagree. "To preserve an issue for appeal, 'one must raise an objection that is sufficient to apprise the trial court and the opposing party of the particular grounds upon which appellate relief will later be sought.'"[14] When the district court offered Parks an opportunity to object, he "lodge[d] an objection as to the sentence, given the fact that it is local guideline range in conjunction with the circumstances of the offense for purposes of the appeal." This statement was, at best, a general objection to the length of his sentence and insufficient to apprise the district court of Parks's objection—it did not target § 3553(a) or § 3553(c)(2). It is now rote that "[a] sweeping, general objection is insufficient to preserve specific sentencing issues for review."[15]

Parks's second response is that *United States v. Bonilla*[16] instructs that "[t]he question of whether a district court complied with 18 U.S.C. § 3553(c)(1) is

---

[14] *United States v. Straub*, 508 F.3d 1003, 1011 (11th Cir. 2007) (quoting *United States v. Dennis*, 786 F.2d 1029, 1042 (11th Cir. 1986)).

[15] *United States v. Carpenter*, 803 F.3d 1224, 1238 (11th Cir. 2015).

[16] 463 F.3d 1176 (11th Cir. 2006).

reviewed *de novo*, even if the defendant did not object below."[17]  Section

§ 3553(c)(1) provides that the district court "shall state in open court" the "reason

for imposing a sentence at a particular point within" a guideline range if "that

range exceeds 24 months."  There is no discernible reason to treat subsections

(c)(1) and (c)(2) differently for purposes of the standard of review.  Both

subsections require the district court to give reasons, albeit for different categories

of sentences, and this Court has applied *Bonilla* to § 3553(c)(2) claims in at least

two different unpublished decisions.[18]  As a result, Parks's argument that this

Court should review his § 3553(c)(2) claim *de novo*, even though he "did not

object below," has purchase.

The Government counters that *Bonilla* is irreconcilable with *Vandergrift* and

urges this Court to resolve the conflict between these two lines of authority.[19]

Under this Court's case law, "[w]hen circuit authority is in conflict, a panel should

look to the line of authority containing the earliest case because a decision of a

prior panel cannot be overturned by a later panel."[20]  If we were to apply this rule,

*Vandergrift* would likely prevail because it relies on a case that predates *Bonilla*.

This approach is sound as far as it goes, but there is more— "[a] panel of this

---

[17] *Id.* at 1181.

[18] *See United States v. Gonzalez-Rodriguez*, 301 F. App'x 874, 879 (11th Cir. 2008); *United States v. Stark*, 262 F. App'x 930, 935 (11th Cir. 2008).

[19] *See also United States v. Jenkins*, No. 15-12064, 2016 WL 1211819, at *2 n.2 (11th Cir. Mar. 29, 2016) (noting potential conflict between *Bonilla* and *Vandergrift*).

[20] *Arias v. Cameron*, 776 F.3d 1262, 1273 n.8 (11th Cir. 2015).

Court is obligated, *if at all possible*, to distill from apparently conflicting prior panel decisions a basis of reconciliation and to apply that reconciled rule."[21]  While we must agree that *Bonilla* and *Vandergrift* are in tension, we are not persuaded that they are irreconcilable.

*Bonilla* relied on earlier decisions that provide a limited explanation for its holding: "Congress has specifically proclaimed that a sentencing court shall state 'the reason for imposing a sentence [exceeding 24 months] at a particular point within the range.' . . . When a sentencing court fails to comply with this requirement, the sentence is imposed in violation of law."[22]  This explanation is far from pellucid, but it does suggest why plain error review may not apply to § 3553(c) claims.  Plain error review is primarily intended to deter defendants from "saving an issue for appeal in hopes of having another shot at trial if the first one misses" or "sandbagging."[23]  Contemporaneous objection affords an opportunity for the district court to correct a mistake—a correction a defendant may not always want.  The high hurdle of plain error review reduces incentives not to object.  This hurdle also promotes another related but distinct "salutary interest": it "allows trial

---

[21] *United States v. Hogan*, 986 F.2d 1364, 1369 (11th Cir. 1993) (emphasis added). Reconciliation, of course, is not necessary if "the facts of the case at hand are such that resolution of the conflict is unnecessary to dispose of the case." *Id.*  But as the parties seem to recognize, this is not such a case.

[22] *Bonilla*, 463 F.3d at 1181 n.3 (alterations in original) (quoting *United States v. Williams*, 438 F.3d 1272, 1274 (11th Cir. 2006) (per curiam) (quoting *United States v. Veteto*, 920 F.2d 823, 826 (11th Cir. 1991))).

[23] *United States v. Pielago*, 135 F.3d 703, 709 (11th Cir. 1998); *see also Puckett v. United States*, 556 U.S. 129, 134 (2009); *United States v. Turner*, 474 F.3d 1265, 1275 (11th Cir. 2007).

courts to develop a full record" for appellate review by giving the trial judge the opportunity to state her reasons for overruling a defendant's objections.[24]

This function is critical within the complex arena of federal sentencing. Parks, for instance, asserts that the district court did not consider the § 3553(a) factors. Simple as a legal matter, the empty record confounds resolution of Parks's claim. The district court may have evaluated the § 3553(a) factors, but neglected to acknowledge them in open court, or they may have slipped past in the harried pace of a busy sentencing calendar. If Parks had timely objected, this Court would not be faced with this uncertainty. Plain error review penalizes Parks for failing to raise this clarifying objection and incentivizes future defendants not to do the same. These powerful realities have a different play with Parks's § 3553(c)(2) claim. Because § 3553(c)(2) affirmatively requires the district court to provide a specific reason for a non-guideline sentence, a silent record exposes the error. As noted in *Bonilla*, the sentencing transcript will reflect that the sentence is illegal for want of a required statement. A contemporaneous objection is thus not needed to serve one of plain error review's central objectives—record development for appellate review.

We conclude that this distinction provides a plausible basis for reconciling *Bonilla* and *Vandergrift*. *Vandergrift* will be deployed in most procedural

---

[24] *Pielago*, 135 F.3d at 709.

sentencing cases given its strong response to tactical silence.  *Bonilla* brings an exception for defendants raising claims that can be evaluated on a silent record.[25] This reconciliation is not perfect, as the contemporaneous objection rule plays an equally beneficial role in cases involving § 3553(c) claims.  But we are charged with determining if it is "possible" to reconcile *Bonilla* and *Vandergrift* on a principled basis—not if it is simply preferable as a matter of first principles.[26]  We also remind that an alert prosecutor, in the service of the Government's interests, ought not be hesitant to bring oversights to the attention of the trial judge.   We are persuaded to review Parks's § 3553(c)(2) claim *de novo* —which presents under *Bonilla*—and Parks's § 3553(a) claim by the metric of plain error—which presents under the general *Vandergrift* rule.

## C.

We turn to *de novo* review of Parks's § 3553(c)(2) claim.  Under § 3553(c)(2), the district court was required to "state in open court" the "specific reason for the imposition" of Parks's non-guideline sentence.[27]  The record reflects

---

[25] *See, e.g.*, *United States v. Matute*, 631 F. App'x 676, 678 (11th Cir. 2015) (applying *Bonilla* as an exception to the general plain error rule); *United States v. Contino*, 608 F. App'x 817, 819 (11th Cir. 2015) (same); *United States v. Beyra*, 532 F. App'x 848, 852 (11th Cir. 2013) (same).

[26] *Hogan*, 986 F.2d at 1369; *see also United States v. Rodriguez-Velasquez*, 132 F.3d 698, 699 n.1 (11th Cir. 1998) (per curiam) (recognizing this obligation); *United States v. Wiggins*, 131 F.3d 1440, 1444 n.4 (11th Cir. 1997) (per curiam) (same).

[27] It was also required to state this reason "with specificity in a statement of reasons form," but Parks does not challenge the district court's apparent failure to comply with this part of § 3553(c)(2).

12

that the district court did not provide *any* reason for Parks's sentence.  The Government urges that we discern an explanation for Parks's sentence by examining "the record from the entire sentencing proceeding"—not just the "district court's summary statement made at the closing of the sentencing hearing."[28]  That is, the Government argues that the district court did three things over the course of the entire sentencing proceeding that add up to a "specific reason": (1) it acknowledged the 21 to 27 month guideline range; (2) it asked whether Parks served his state sentence "[a]s part of the state process and not the federal process"; and (3) it gave him credit for the 455 days served in county jail.

Here, this was not enough.  To satisfy § 3553(c)(2), "[t]he district court's reasons must be sufficiently specific so that an appellate court can engage in the meaningful review envisioned by the Sentencing Guidelines."[29]  The able district judge's actions demonstrate his command of the guidelines and suggest that various factors informed his choice of sentence, but they do not answer the key question of why he imposed an above-guideline sentence.  Without an answer, we cannot discharge our duties of appellate review.  The burdens facing a busy district court are real, but the text of § 3553(c)(2) imposes a mandatory obligation.  As our sister circuits have recognized, this provision embodies a congressional judgment

---

[28] *United States v. Suarez*, 939 F.2d 929, 934 (11th Cir. 1991); *accord United States v. Parrado*, 911 F.2d 1567, 1573 (11th Cir. 1990).

[29] *Suarez*, 939 F.2d at 933.

that explaining a non-guideline sentence has both instrumental and intrinsic value.[30]  We cannot sidestep this legislative command.

We hold that the district court failed to comply with § 3553(c)(2).  This Court has adopted a per se rule of reversal for § 3553(c)(2) errors.  As we have explained in the past, "[t]he court has an obligation . . . to explain deviations from the guideline sentencing range, *see* 18 U.S.C. § 3553(c)(2), so that the reviewing court can determine whether the departure was justified.   If the court does not do this, the case *must be* remanded for resentencing."[31]  In accordance with this precedent, we VACATE Parks's sentence and REMAND for resentencing.[32]

**VACATED AND REMANDED.**

---

[30] *See In re Sealed Case*, 527 F.3d 188, 193 (D.C. Cir. 2008) ("It is important not only for the defendant but also for 'the public to learn why the defendant received a particular sentence.'" (quoting *United States v. Lewis*, 424 F.3d 249, 247 (2d Cir. 2005))).

[31] *United States v. Delvecchio*, 920 F.2d 810, 813 (11th Cir. 1991) (emphasis added) (parenthetical omitted); *see also United States v. Williams*, 438 F.3d 1272, 1274-75 (11th Cir. 2006) (per curiam) (stating that it is the "duty of this Court" to vacate and remand when the district court does not comply with § 3553(c)); *United States v. Veteto*, 920 F.2d 823, 827 (11th Cir. 1991).

Indeed, at least two circuits have held that a district court's failure to comply with § 3553(c) always constitutes plain error.  *See In re Sealed Case*, 527 F.3d at 193; *Lewis*, 424 F.3d at 246.

[32] In light of this disposition, we need not reach the merits of Parks's § 3553(a) claim.

14