[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-10395

_____

D.C. Docket No. 1:11-cr-20613-JLK-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

VLADIMIR LOUISSANT,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 28, 2016)

Before WILSON and JULIE CARNES, Circuit Judges, and WOOD,* District Judge.

PER CURIAM:

Vladimir Louissant pleaded guilty to possession of a firearm in furtherance of a crime of violence resulting in death, in violation of 18 U.S.C. § 924(c)(1)(A), (j)(1). The district court sentenced him to life imprisonment. Louissant now appeals that sentence. He argues that his sentence should be vacated because the district court violated 18 U.S.C. § 3553(c)(1) by not stating a reason for imposing life imprisonment.

We review de novo a defendant's § 3553(c)(1) challenge, "even if the defendant did not object below." *United States v. Bonilla*, 463 F.3d 1176, 1181 (11th Cir. 2006); *see also United States v. Parks*, ___ F.3d ___, ___, No. 15-11618, slip op. at 9–12 (11th Cir. May 20, 2016). Under § 3553(c)(1), when a defendant is subject to a United States Sentencing Guidelines (Guidelines) range that "exceeds 24 months," the district court must "state in open court . . . the reason for imposing a sentence at a particular point within the range." *See* 18 U.S.C. § 3553(c)(1).

Here, Louissant's Guidelines range was 360 months to life—a range that triggers § 3553(c)(1)'s requirement that the court state its reason for choosing the

---

* Honorable Lisa Godbey Wood, United States District Chief Judge, for the Southern District of Georgia, sitting by designation.

2

particular point within the range at which it has imposed the sentence.  However, during Louissant's sentencing proceedings, the district court "offered no reason for the life sentence it elected to impose."  *See United States v. Williams*, 438 F.3d 1272, 1274 (11th Cir. 2006) (per curiam).  Accordingly, the district court failed to comply with § 3553(c)(1), and we must therefore vacate and remand for resentencing.[1]  *See Parks*, slip op. at 14.

**VACATED AND REMANDED.**

---

[1] Louissant also argues that his case should be reassigned on remand.  We disagree. "Reassignment is an extraordinary order" that is not warranted here.  *See United States v. Shaygan*, 652 F.3d 1297, 1318 (11th Cir. 2011) (internal quotation mark omitted).