[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16958
Non-Argument Calendar
_____

D.C. Docket No. 2:15-cr-00057-JES-MRM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEPHEN LEE HAMLIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 5, 2017)

Before TJOFLAT, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Stephen Hamlin appeals his 18-month sentence imposed after the district court revoked his supervised release.  On appeal, Hamlin asserts that the district court failed to explain the sentence and its upward variance from the guideline range of 8 to 14 months' imprisonment.  Hamlin also contests the substantive unreasonableness of the sentence.

The district court adequately explained the sentence by specifically noting that Hamlin was unamenable to supervision and repeatedly violated the terms of his supervised release.  Additionally, when resetting sentencing, the court warned Hamlin that additional violations could result in harsher punishment.  Furthermore, the sentence is substantively reasonable because Hamlin repeatedly failed to comply with his supervised release despite opportunities to prove his ability to do so, and failed to appear at his reset sentencing hearing.  Accordingly, we affirm.

I.

Generally, we review the procedural and substantive reasonableness of a sentence under a deferential abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  We first ensure that the district court committed no significant procedural error.  *Id.*  Procedural error includes inadequate explanations of the chosen sentence or improper calculations of the defendant's offense level.  *Id*.  However, we review an objection to procedural reasonableness not made at the time of sentencing for plain error.  *United States v. Vandergrift*, 754 F.3d 1303,

1307 (11th Cir. 2014).  For us to correct a plain error: (1) there must be error; (2) the error must be plain; and (3) the error must affect substantial rights.  *Id.*  The party challenging the sentence bears the burden of establishing the unreasonableness of the sentence.  *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009).

"[T]he district court must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." (quotation omitted).  *United States v. Livesay*, 525 F.3d 1081, 1090 (11th Cir. 2008).  "The length and amount of detail of the judge's reasoning required depends on the circumstances."  *Id.*  "While a sentencing [court] is not required to state on the record that it has explicitly considered each of the [18 U.S.C.] § 3553(a) factors or to discuss each of the § 3553(a) factors, the sentencing [court] should set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Id.* (citations and alterations omitted).

Similarly, § 3553(c) compels a court at the time of sentencing to "state in open court the reasons for its imposition of [a] particular sentence."  18 U.S.C. § 3553(c).   If a sentence is outside the guideline range, the district court must state "the specific reason" for the imposition of the upward variance.  *Id.* § 3553(c)(2).  Unlike procedural reasonableness arguments raised under § 3553(a)

3

for the first time on appeal, arguments raised under § 3553(c)(2) are always reviewed *de novo*. *United States v. Parks*, 823 F.3d 990, 996-97 (11th Cir. 2016).

The district court provided sufficient and specific reasons for varying upward from the guideline range.[1] The district court identified several reasons supporting the upward variance at the time it imposed sentence. Most prominently, the district court stated that Hamlin was not amenable to supervised release. Immediately subsequent to that statement, the district court imposed a sentence with more prison time than indicated by the guideline range, but no additional supervised-release period. Furthermore, the district court found that Hamlin failed to appear at the reset sentencing and previously violated his supervised release several times. Thus, after listening to both parties about the facts and their various recommended sentences, the district court clearly articulated its reason for imposing the upward variance—Hamlin's repeated failure to comply with the supervised release terms and the court's order to appear necessitated an 18-month total sentence without a supervised release period.

As to procedural reasonableness under § 3553(a) and considering the circumstances surrounding the sentence, the district court previously informed

---

[1] Hamlin did not object to the district court's explanation of the sentence under § 3553(a); thus, to the extent that he bases his argument on that provision, we review the district court's explanation for plain error only. To the extent he raised arguments solely under § 3553(c)(2), we review the district court's identification of the reasons for its upward variance de novo. Regardless of the standard of review, the district court provided sufficient and specific reasons for varying upward from the guideline range.

Hamlin of its predisposition to imposing a lengthy sentence of imprisonment if he failed to comply with his supervised-release terms in the interim between his first sentencing hearing and reset sentencing hearing, rendering it unnecessary for the district court to provide Hamlin with a lengthy and repetitive discourse on its reasons for imposing the sentence.  Accordingly, the district court adequately explained its reasons for imposing an 18-month upward variance sentence after revoking Hamlin's supervised release.

## II.

After determining the procedural reasonableness of a sentence, we review its substantive reasonableness.  *Gall*, 552 U.S. at 51.  The party challenging the sentence bears the burden of showing its unreasonableness in light of the record and the applicable § 3553(a) factors.  18 U.S.C. § 3583(c); *United States v. Langston*, 590 F.3d 1226, 1236 (11th Cir. 2009).

The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a)(2), including the nature and circumstances of the offense and the history and characteristics of the defendant, the need to deter criminal conduct, protect the public from the defendant's future conduct, and provide correctional treatment in the most effective manner.  *See* 18 U.S.C. §§ 3553(a), 3583(c) (listing the appropriate

factors to be considered when imposing sentence after revocation of supervised release).

We do not reweigh relevant factors, nor do we remand for resentencing unless the district court committed a clear error of judgment "by arriving at a sentence outside the reasonable range of sentences." *Langston*, 590 F.3d at 1237. The district court retains sound discretion regarding the weight given to any specific factor, and a district court does not commit reversible error simply because it attaches significant weight to a single § 3553(a) factor. *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008).

As an initial matter, we need not determine whether Hamlin preserved his argument regarding the substantive reasonableness of his sentence. Regardless of the standard of review, Hamlin's sentence is reasonable. Hamlin's history and characteristics necessitated the sentence he received. Several reasons support the district court's sentence, including Hamlin's repeated failure to comply with the terms of his release and his failure to appear at his reset sentencing. The court offered its trust to Hamlin by resetting sentencing and providing Hamlin the opportunity to prove that he could comply with the terms of his release. Hamlin was unable to do so. Hamlin's laundry list of excuses for his failure to comply with the terms of his release, and his failure to recognize that the keystone of supervised release is supervision—meaning staying in contact with the probation

office—further support the district court's sentence.  Finally, though Hamlin has appeared to have made efforts to rehabilitate himself, those efforts did not absolve him of his supervised-release requirements.  As the district court observed, Hamlin's failures suggested that he was not amenable to supervised release.

Moreover, when considered holistically, the district court's sentence and the extent of the upward variance are consistent with its reasoning.  Rather than extend Hamlin's supervised release and provide less jail time, the court viewed additional supervised release as unhelpful.  Thus, the court concluded that increased jail time with no subsequent term of supervised release would be more appropriate for Hamlin due to his prior struggles with the terms of his supervised release.  Accordingly, Hamlin's 18-month sentence was within the range of reasonable sentences and the district court did not err in judgment by imposing it.  *See* *Langston*, 590 F.3d at 1237.

For all those reasons, the district court's sentence was reasonable.  Hamlin's sentence imposed upon revocation of his supervised release is **AFFIRMED**.

7