[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14959
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-00222-ODE-JKL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO LEDON JONES,
a.k.a. Antonio Deangelo Jones,
a.k.a. Shorty P,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 29, 2018)

Before WILSON, NEWSOM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Antonio Ledon Jones appeals his 130-month sentence for possessing with the intent to distribute heroin.  He argues that his sentence was procedurally unreasonable because the district court failed to sufficiently state its reasons for imposing its sentence.  He also argues that his sentence was substantively unreasonable because, he says, the district court failed to give adequate consideration to other similarly-situated offenders and placed excessive emphasis on his criminal history.  Because we conclude that Jones's sentence is reasonable, we affirm.

**I**

Jones pleaded guilty to one count of possessing with the intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).  According to the presentence investigation report, by age 40, Jones had accumulated more than 20 prior convictions.  Those crimes include, among other things, possessing cocaine, battery causing injury to a police officer, aggravated battery (three times), selling heroin, theft by shoplifting, and willful obstruction of law enforcement officers.  The PSI concluded that Jones qualified for the career offender enhancement, resulting in a guidelines range of 151 to 188 months imprisonment.

At the sentencing hearing, the district court adopted the PSI's guideline calculations.  At the request of the parties, it varied downward one offense level, resulting in an adjusted guidelines range of 140 to 175 months imprisonment.

2

Both Jones and the government requested a 72-month sentence.  The government noted that Jones was arrested as part of its "drug market intervention" initiative in The Bluff, a neighborhood in Atlanta.  The government argued that Jones was less culpable than other defendants arrested as part of that initiative because he was arrested at the beginning of the initiative, before the government had given fair warning that it would start arresting individuals in that area who sold drugs.

The district court disagreed with the parties' position that the career offender designation was inappropriate, concluding that "the career offender designation in Mr. Jones's case is not merely technically correct, it's actually correct."  The court noted that Jones has "an extremely serious criminal history involving both drug crimes and crimes of violence," and reasoned that there was no "strong reason here for going below the bottom end of the career offender guideline range."  The court further noted Jones's "pattern" of selling drugs, and found that "there is a very high risk of recidivism."  The court concluded that "even taking into account the argument that the defense and the Government have made I just don't think a 72-month sentence is the right sentence in this case."  The court continued, "I think a sentence of 140 months is more appropriate given Mr. Jones's significant criminal history."  The court then allowed Jones to present a chart showing how his crime compared to other defendants arrested as part of the drug market intervention initiative.  The court concluded that the chart didn't "add[] a lot," given that Jones

3

"has a terrible criminal history."  The court then imposed a 130-month sentence, which was 10 months below the bottom of the guidelines range.

## II

In reviewing the reasonableness of a sentence, we first determine if the district court committed a significant procedural error such as miscalculating the guideline range, treating the sentencing guidelines as mandatory, failing to consider the relevant 18 U.S.C. § 3553(a) factors, selecting a sentence based on erroneous facts, or failing to explain the sentence selected.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  Assuming we find no procedural error, we then ask whether the sentence is substantively reasonable in light of the totality of the circumstances and the Section 3553(a) factors.  *Id.*

## A

Jones argues that the district court imposed a procedurally unreasonable sentence by failing to state the reasons for the imposition of the sentence.[1]  A sentencing court must state in open court the reasons for its imposition of the particular sentence.  18 U.S.C. § 3553(c).  To satisfy Section 3553(c), the district court's reasons must be specific enough to allow an appellate court to meaningfully review the sentence in the manner envisioned by the sentencing guidelines.  *United States v. Parks*, 823 F.3d 990, 997 (11th Cir. 2016).  "The

---

[1] Our review is *de novo*.  *United States v. Bonilla*, 463 F.3d 1176, 1181 (11th Cir. 2006).

4

length and amount of detail describing the district court's reasoning depends on the circumstances." *United States v. Ghertler*, 605 F.3d 1256, 1262 (11th Cir. 2010). A sentencing court is not required to incant the specific language used in the guidelines, articulate its consideration of each factor, or state that a particular factor is not applicable, so long as the record reflects the court's consideration of many of the factors. *United States v. Bonilla*, 463 F.3d 1176, 1182 (11th Cir. 2006). The district court needs only to set forth enough to demonstrate that it considered the parties' arguments and had a reasoned basis for exercising its own legal decision-making authority. *Ghertler*, 605 F.3d at 1262.

We conclude that the district court adequately explained why it sentenced Jones to 130 months imprisonment. The court heard argument from both parties about "what a reasonable sentence would be in this case." The court acknowledged Jones's mitigating circumstances—including his difficult childhood, the small amount of drugs involved in the instant offense, and the showing of support from his family—but nonetheless determined that a significant downward departure was not justified in light of his "significant criminal history" and "very high risk of recidivism." The court also heard further argument about how Jones compared to other defendants arrested as part of the same initiative, but rejected those arguments because Jones's "terrible criminal history" warranted a higher

5

sentence.  We therefore conclude that the district court satisfied its responsibility under 18 U.S.C. § 3553(c)(2).

**B**

Jones also argues that his below-guidelines 130-month sentence is substantively unreasonable. We review the reasonableness of a sentence under the deferential abuse-of-discretion standard.  *United States v. Irey*, 612 F.3d 1160, 1188-89 (11th Cir. 2010) (*en banc*).  We will affirm any sentence that falls within the range of reasonable sentences, even if we would have decided that a different sentence was more appropriate.  *Id.* at 1191.  The party who challenges the sentence bears the burden to show that the sentence is unreasonable in light of the record and the Section 3553(a) factors.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

A district court must select a sentence that is "sufficient, but not greater than necessary," to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public.  18 U.S.C. § 3553(a)(2).  In making its selection, the district court must also consider (1) the nature and circumstances of the offense and the characteristics of the defendant, (2) the kinds of sentences available, (3) the sentencing guideline range, (4) the pertinent policy statements of the Sentencing Commission, (5) the need to avoid sentencing disparities among similarly-situated defendants, and (6) any need for

6

restitution to victims. *Id.* § 3553(a)(1)–(7). We will vacate a sentence as substantively unreasonable only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the Section 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190.

Jones asserts that the district court gave "undue weight to [his] criminal history, which he had in common with" other defendants arrested as part of the initiative. Br. of Appellant at 32. But the weight to give to each factor under Section 3553(a) is a matter committed to the sound discretion of the district court, *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007), and the court is permitted to "attach great weight to one factor over others," *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015) (quotation omitted). Here, as the district court explained, Jones had a "terrible criminal history," which was more serious than the criminal records of other defendants arrested as part of the initiative. It was reasonable for the district court to conclude that the 130-month sentence—10 months below the bottom of the guidelines range—was appropriate considering "the nature and circumstances of the offense and the history and characteristics of this particular defendant."

Jones also asserts that the district court "failed to give adequate consideration to the sentences of other … defendants" arrested as part of the same

initiative and "created unwarranted sentencing disparities between" himself and those other defendants. Br. of Appellant at 32. But the court did consider the sentences of other defendants arrested as part of the initiative. Specifically, the court considered a chart prepared by Jones's counsel comparing him to other career offender defendants arrested as part of the same initiative. The court concluded that the chart didn't "really add[] a lot" because Jones had a "terrible criminal history" which showed a "pattern" of criminal behavior. The court therefore did not ignore the sentences of other defendants, but instead considered them and found that factor to be outweighed by his criminal history. *See United States v. Sanchez*, 586 F.3d 918, 936 (11th Cir. 2009) ("It is sufficient that the district court considers the defendant's arguments at sentencing and states that it has taken the § 3553(a) factors into account.").

Nor did the district court "ignor[e] mitigating factors." Br. of Appellant at 32. The district court acknowledged those factors—including his difficult childhood, the small amount of drugs involved in the instant offense, and the showing of support from his family—but again, concluded that they were outweighed by his criminal history. *See Sanchez*, 586 at 936.

## III

Given the deference owed to the district court's decision that the Section 3553(a) factors, on balance, justify the sentence, we conclude that the district court did not abuse its discretion.

**AFFIRMED.**