[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-13279

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRY J. MARTIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

D.C. Docket No. 8:15-cr-00392-JDW-JSS-1

_____

Before NEWSOM, ANDERSON, and ED CARNES, Circuit Judges.

PER CURIAM:

Terry Martin appeals his sentence of 24 months imprisonment and 12 months supervised release, which was imposed on him for violating the terms of his supervised release.

## I.

Martin contends that his new term of supervised release is longer than the applicable statute permits. We typically review only for an abuse of discretion the imposition of a term of supervised release. *United States v. Zinn*, 321 F.3d 1084, 1087 (11th Cir. 2003). But because Martin failed to object to his term of supervised release, we review only for plain error, which requires him to show: (1) an error; (2) that was plain; (3) which affects his substantial rights. *Id.*

If a defendant violates a condition of his supervised release and is sentenced to imprisonment, a court can sentence him to a new term of supervised release to follow his term of imprisonment. 18 U.S.C. § 3583(h). The new term of supervised release cannot be longer than the statutory maximum term of supervised release for the defendant's underlying conviction. *Id.*

But that is just the starting point for the maximum allowable new term of supervised release. The maximum allowable term must also be reduced by "any term of imprisonment that

was imposed upon revocation of supervised release." *Id.* That includes any terms of imprisonment that have been imposed both for the current revocation of supervised release and any past revocations. As we have put it: "the maximum allowable supervised release following multiple revocations must be reduced by the aggregate length of any terms of imprisonment that have been imposed upon revocation." *United States v. Mazarky*, 499 F.3d 1246, 1250 (11th Cir. 2007).

Martin's underlying conviction was for possessing a firearm as a felon, 18 U.S.C. §§ 922(g)(1), 924(a)(2), which has a statutory maximum term of supervised release of 36 months, *id.* §§ 3559(a)(3), 3583(b)(2). That means 36 months is the starting point for the maximum term of supervised release Martin can be sentenced to. But this was not Martin's first violation of supervised release, and for a past violation he had been sentenced to time served, which was 53 days imprisonment. For Martin's violations this time around, the court sentenced him to 24 months imprisonment. Plugging those numbers into the § 3583(h) equation looks like this: 36 months (for the statutory maximum for the underlying offense) minus 53 days (for the last term of imprisonment) minus 24 months (for the current term of imprisonment). The result is that the maximum allowable term of supervised release for Martin is just over 10 months.

But the district court sentenced Martin to a supervised release term of 12 months. That was error because it was longer than the maximum supervised release term allowed by statute.

4                    Opinion of the Court                    20-13279

Martin argues it was plain error, the government agrees, and we agree, too, because the statute's terms are plain.  We vacate Martin's term of supervised release.

## II.

As a special condition to Martin's sentence of supervised release the court ordered: "[Martin] must pay child support at a state-determined level if so ordered.  Otherwise, as determined by U.S. Probation not to exceed 25% of [his] take-home pay.  (USSG §5D1.3(d))."  (Martin has two children, and the record indicates that he has an existing state court child support order.)  Martin challenges the special condition.  Plain error review applies because he did not object it while he was before the district court.

District courts have broad discretion to impose conditions of supervised release.  "The only limits on the court's broad discretion in this area are that additional conditions must be 'reasonably related' to the sentencing factors listed at 18 U.S.C. § 3553(a), 'reasonably necessary' to effect the 'purposes' of § 3553(a), and 'consistent with any pertinent policy statements issued by the Sentencing Commission.'" *United States v. Crape*, 603 F.3d 1237, 1246 (11th Cir. 2010) (quoting 18 U.S.C. § 3583(d)(1)–(3)).  Courts are authorized by statute to order the defendant to "comply with the terms of any court order . . . requiring payments by the defendant for the support and maintenance of a child or of a child and the parent with whom the child is living."  18 U.S.C. § 3563(b)(20).  And to order him to "support his dependents and meet other family responsibilities."

*Id.* § 3563(b)(1).  The Sentencing Guidelines even state that child support conditions are "recommended" in some situations.  *See* U.S.S.G. § 5D1.3(d)(1)(A) ("If the defendant has one or more dependents — a condition specifying that the defendant shall support his or her dependents" is recommended.); *id.* § 5D1.3(d)(1)(B) ("If the defendant is ordered by the government to make child support payments or to make payments to support a person caring for a child — a condition specifying that the defendant shall make the payments and comply with the other terms of the order" is recommended.).

Those statutory and guideline provisions show that the court ordering Martin to "pay child support at a state-determined level if so ordered" was not plain error, or error at all.  That condition is expressly permitted by the statute and "recommended" by the guidelines, after all.  It also was not plain error, or any error, to order Martin to pay child support "as determined by U.S. Probation not to exceed 25% of [his] take-home pay," if there is no "state-determined level."  It was not because we have upheld a similar family support condition before.  *See United States v. Chavez*, 204 F.3d 1305, 1316 (11th Cir. 2000) ("The court ordered [the defendant] to pay his wife living expenses of $1,200 per month, 'or an amount in accordance with a local Court order.' . . . This condition was a reasonable and lawful part of [the defendant's] sentence.").  Though the length of Martin's term of supervised release must be reduced on remand, the district court

6                    Opinion of the Court                    20-13279

is free to reimpose the special support condition of supervised release.

## III.

Martin challenges the procedural reasonableness of his sentence, arguing that the court relied on an improper sentencing factor and relied on clearly erroneous facts that were not in the record. Plain error review applies to this challenge as well because Martin's counsel at the sentence hearing objected only generally "based upon reasonableness." *See, e.g.*, *United States v. Parks*, 823 F.3d 990, 994–95 (11th Cir. 2016) ("It is now rote that a sweeping, general objection is insufficient to preserve specific sentencing issues for review.") (quotation marks omitted; alteration adopted). Indeed, even after the prosecutor suggested that defense counsel's objection was not specific enough and asked the court to "hold the defense to its objection and ask specifically whether there is any procedural error that they see so that the Court can address it," and even after the court asked defense counsel if there was "[a]ny other statement or factual objection of a specific nature you would like to put on the record at this time," defense counsel responded, "No. I don't think it's necessary." That was "insufficient to apprise the district court of [Martin's] objection[s]" now raised on appeal. *Id.* at 994.

Martin argues that the district court improperly considered the need for the sentence to promote respect for the law. The basis for that argument is that the statutory list of factors a court may consider when revoking a defendant's supervised release

does not include the need to promote respect for the law. See 18 U.S.C. § 3583(e) (listing § 3553(a) factors but not including § 3553(a)(2)(A)). But we've already held that it's not plain error for a court to consider that factor when imposing a sentence after revoking supervised release. See United States v. Vandergrift, 754 F.3d 1303, 1308–09 (11th Cir. 2014). So it was not plain error here.

Martin also argues that the district court relied on four "clearly erroneous facts for which there was no evidence or support in the record." Those facts are: (1) "a high-speed chase from police" the day after Martin's first revocation hearing; (2) that Martin was selling marijuana; (3) that Martin failed to complete an apology letter and appear at a state court hearing; and (4) that Martin had "absconded."

The problem with Martin's argument that "there was no evidence or support in the record" for those facts is that there was evidence or support in the record for those facts. The probation office's memorandum summarizing alleged supervised release violations detailed both the "high rate of speed" at which Martin had fled from police officers in his car and his selling of marijuana. The probation office's sentencing recommendation also discussed a "high-speed chase," as well as Martin's failure to write an apology letter to a victim of one of his crimes (something he'd been ordered by the district court to do after his first violation of supervised release). Yet another probation office memorandum discussed a state warrant for Martin "for not appearing in court." As

for Martin "absconding," the court could have been referring to a number of things: Martin's failure to show up in court, his fleeing from police, his failure to attend drug treatment sessions. The evidence was in the record. The court did not plainly err or otherwise make any clearly erroneous findings.

Finally, Martin contends his sentence was substantively unreasonable, "mainly because [the court] gave significant weight to improper § 3553(a) factors and unsupported facts." Martin does not advance any other arguments in support of his substantive reasonableness challenge. *Cf. Center v. Sec'y, Dep't Homeland Sec.*, 895 F.3d 1295, 1299 (11th Cir. 2018) ("[W]e have repeatedly explained that arguments briefed in the most cursory fashion are waived."). We have already rejected the arguments that the district court considered "improper" factors and "unsupported" facts, and his sentence is not substantively unreasonable.

The sentence of imprisonment is affirmed, but the sentence of supervised release is vacated, and the case is remanded for proceedings consistent with this opinion.

**AFFIRMED in part, VACATED in part, and REMANDED.**