[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-13551

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

SOTERO RIOS MEXICO,
a.k.a. JUAN RIOS-LARA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:18-cr-00038-RAL-CPT-1

_____

Before JORDAN, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

Sotero Rios Mexico appeals his 18-month sentence for illegally reentering the United States after a prior removal, in violation of 8 U.S.C. § 1326(a). After review of the parties' briefs and the record, we affirm.

## I

## A

Mr. Rios Mexico, a native and citizen of Mexico, has never been granted permission to enter or reside in the United States. He first entered the United States illegally in the late 1980s.

In February of 1999, Mr. Rios Mexico attempted to reenter the United States at a port of entry in Laredo, Texas. He presented a resident alien card with the name Ramos Rios Mexico. Immigration inspectors determined that he was acting as an imposter, and Mr. Rios Mexico admitted having taken the card from his cousin without consent because he wanted to return to Florida. As a result, Mr. Rios Mexico was convicted of attempting to enter the United States by false or misleading representation. He was thereafter removed and returned to Mexico.

Sometime in 2002, Mr. Rios Mexico again illegally reentered the United States. In September of 2009, Mr. Rios Mexico was arrested in Florida for burglary. While in jail, Mr. Rios Mexico admitted to ICE agents that he was in the United States illegally and was

subsequently removed to Mexico. During his time in custody, the Pinellas County Sheriff's Office filed a shelter petition because Mr. Rios Mexico's children made multiple abuse allegations against him, including that he had sexually abused one of his daughters multiple times over the course of twelve years, through August of 2009. As a result, authorities issued a capias warrant for Mr. Rios Mexico's arrest on September 20, 2010, following his 2009 deportation.

In 2016, Mr. Rios Mexico again illegally reentered the United States. In December of 2017, he was arrested in Pinellas County, Florida, for driving under the influence and on an outstanding warrant for lewd or lascivious molestation of a minor.

While in the Pinellas County Jail, ICE agents spoke with Mr. Rios Mexico and determined that he had illegally reentered the United States. In January of 2018, a grand jury returned a one-count indictment, charging Mr. Rios Mexico with illegal reentry into the United States in violation of 8 U.S.C. § 1326(a).

In May of 2019, Mr. Rios Mexico pled guilty to the lewd or lascivious molestation charge and was sentenced to 51.15 months' imprisonment. Then, in June of 2020, Mr. Rios Mexico pled guilty to illegally reentering the United States after a prior removal, in violation of § 1326(a).

## B

Prior to sentencing, a probation officer prepared a presentence investigation report that recommended a total offense level of 13 and a criminal history category of III, with a corresponding advisory sentencing guidelines range of 18 to 24 months. That offense level included an eight-level enhancement under U.S.S.G. § 2L1.2(b)(3)(B) based on his felony conviction for lewd or lascivious molestation. The district court adopted the proposed guidelines calculations and sentenced Mr. Rios Mexico to 18 months of imprisonment, to run consecutive to his state sentence.[1]

This appeal followed.

## II

## A

Mr. Rios Mexico argues that his 18-month sentence was both procedurally and substantively unreasonable. He contends that the district court procedurally erred by failing to provide "any explanation of its rationale in rejecting [his] argument for a concurrent sentence, and instead imposing a consecutive sentence." Appellant's Br. at 8.[2]

---

[1] At the time of his sentencing before the district court, Mr. Rios Mexico had been in federal custody for approximately eight months.

[2] Notably, Mr. Rios Mexico's counsel did not argue for a fully concurrent sentence before the district court. Rather, his counsel argued for a "partially concurrent" or "eight-month consecutive sentence" to begin running at the conclusion of Mr. Rios Mexico's time in state prison. *See* D.E. 62 at 10, 12. Had

Mr. Rios Mexico acknowledges that the district court has discretion to determine whether a term of imprisonment should be concurrent or consecutive but argues that discretion is predicated on its consideration of the 18 U.S.C. § 3553(a) factors. The sentence was also substantively unreasonable, he contends, because it was greater than necessary to satisfy the mandates of § 3553(a) and punished him twice for his lewd or lascivious molestation conviction.

The government responds that the district court had a reasoned basis for imposing a consecutive sentence. It also asserts that Mr. Rios Mexico failed to prove that his sentence was unreasonable under the § 3553(a) factors because it was at the bottom of the advisory guidelines range and well below the statutory maximum.

## B

"We review the reasonableness of a sentence through a two-step process . . . ." *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009). In determining procedural reasonableness, we review a district court's application of the guidelines *de novo* and its factual findings for clear error. *See United States v. Arguedas*, 86 F.3d 1054, 1059 (11th Cir. 1996). If "the district court's sentencing decision is procedurally sound," we "then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007).

---

the district court adopted this recommendation, Mr. Rios Mexico would have served a total of sixteen months in federal prison.

Even if a defendant failed to object before the district court, the sufficiency of the district court's explanation of its sentence under § 3553(c) is reviewed *de novo. See United States v. Parks*, 823 F.3d 990, 995–96 (11th Cir. 2016) (§ 3553(c)(2)); *United States v. Bonilla*, 463 F.3d 1176, 1181 (11th Cir. 2006) (§ 3553(c)(1)).

## C

In reviewing the reasonableness of a sentence, we first consider whether the district court committed a procedural error, such as failing to calculate or improperly calculating the guideline range. *Gall*, 552 U.S. at 51. We consider also, among other things, whether the district court adequately explained the sentence imposed. *Id.* We have held that a district court's acknowledgment that it has considered the § 3553(a) factors and the parties' arguments is sufficient. *See Sarras*, 575 F.3d at 1219. The district court need not articulate its consideration of each § 3553(a) factor to sufficiently state its reasoning behind a particular sentence. *Id. See also Bonilla*, 463 F.3d at 1182.

We consider whether a sentence is substantively unreasonable under the totality of the circumstances and in light of the § 3553(a) factors. *See United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014). The factors the district court should consider include (1) the nature and circumstances of the offense and the history and characteristics of the defendant, and (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense as well as to afford specific and general deterrence.

The district court's imposition of a sentence well below the statutory maximum penalty is an indicator of reasonableness. *See United States v. Croteau*, 819 F.3d 1293, 1310 (11th Cir. 2016). Although we do not formally presume that a within-guidelines-range sentence is reasonable, we ordinarily expect it to be so. *See United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). The party challenging the sentence bears the burden to show that it is unreasonable in light of the record and the § 3553(a) factors. *See United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018); *Sarras*, 575 F.3d at 1219.

In relevant part, 18 U.S.C. § 3584(a) provides that "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively." In "determining whether the terms imposed are to be ordered to run concurrently or consecutively," the court must consider the § 3553(a) factors. *See* § 3584(b).

Under U.S.S.G. § 2L1.2, if, after a defendant was ordered deported or ordered removed from the United States for the first time, he engaged in criminal conduct that resulted in a conviction for a felony offense (other than an illegal reentry offense) for which the sentence imposed was two years or more, the defendant receives an eight-level increase in his offense level. *See* U.S.S.G. § 2L1.2(b)(3)(B). Under U.S.S.G. § 5G1.3(b), "[i]f . . . a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction . . . the sentence for the instant offense shall be imposed to run concurrently to the remainder of

the undischarged term of imprisonment." The relevant commentary, however, states that § 5G1.3(b) does not apply if the prior offense is a prior conviction for which the defendant received an increase under § 2L1.2. *See* § 5G1.3, comment. (n.2(B)).[3]

Thus, under § 5G1.3(d), the district court was permitted to impose the sentence "to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." The plain language of this provision afforded the district court the discretion to impose the sentence either concurrently or consecutively.

Here, the district court's sentence was procedurally reasonable. The court stated that it had "consider[ed] the advisory sentencing guidelines and all of the factors identified in Title 18 [U.S.C], Sections 3553(a), 1 through 7." D.E. 62 at 16. Its consideration of the relevant factors was made clear by its explanation that the sentence was "fair" given that Mr. Rios Mexico was not repeatedly reentering the United States to support a family and that he had committed an offense each time he illegally reentered. *See* D.E. 62 at 14. Mr. Rios Mexico has not provided any controlling authority demonstrating that the district court's explanation was insufficient.

---

[3] Although § 5G1.3(b) is phrased as being mandatory, we have held that it is advisory like the rest of the sentencing guidelines. *See United States v. Henry*, 1 F.4th 1315, 1320–21 (11th Cir. 2021).

The district court's sentence was also substantively reasonable. The court considered the applicable § 3553(a) factors prior to imposing a sentence that was at the bottom of the guidelines range and below the statutory maximum. Furthermore, given Mr. Rios Mexico's record of repeated illegal reentry and his state criminal conviction, the district court did not abuse its discretion in imposing a consecutive sentence.

## III

Mr. Rios Mexico has failed to meet his burden of demonstrating that the district court's sentence was unreasonable. The district court's sentence is affirmed.

**AFFIRMED.**