[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12279

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

STEVEN GARCIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:17-cr-00554-MSS-JSS-1

_____

Before JORDAN, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Steven Garcia appeals his sentence of 24 months of imprisonment, arguing that it is both procedurally and substantively unreasonable. We disagree. In both procedure and substance, Garcia's sentence is eminently reasonable. So we affirm.

## I.

Several years ago, Garcia was on supervised release after serving time for second-degree burglary. He was found with weapons and drugs, and he pleaded guilty to being a felon in possession of a firearm. He served more time and was out on supervision when he again violated several of the conditions of his supervised release. He used drugs. He did not keep in touch with probation. He even moved without informing his probation officer. What prompted charges, though, was a chase. Police saw him speeding and attempted to pull him over. He fled at high speeds to avoid arrest. His supervised release was revoked. And he was haled to court to face a fresh sentence for violating the conditions of his release. The district court imposed a sentence of 24 months of imprisonment, varying upward from the guideline range of 8 to 14 months. Believing that to be an unreasonable sentence, Garcia appealed.

## II.

The governing standard of review is unclear, but it does not matter. Typically, we review sentencing decisions for an abuse of

discretion. *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009). But when a defendant offered only general objections at sentencing, we review only for plain error. *See United States v. Parks*, 823 F.3d 990, 994–95 (11th Cir. 2016).

At sentencing, Garcia merely objected that the sentence was procedurally and substantively unreasonable, without specifying more. Our precedents make it unclear whether that sort of objection is general or specific. *United States v. Curtin*, 78 F.4th 1299, 1319–20 (11th Cir. 2023) (Newsom, J., concurring) (collecting cases). That means that we cannot be sure whether plain error or abuse of discretion governs here. No matter. Even under the latter, more defendant-friendly standard, Garcia still loses.

### III.

"In reviewing the reasonableness of a sentence on appeal, this court . . . follows a two-step process. We must first determine whether the sentence is procedurally reasonable, and then determine whether it is substantively appropriate." *United States v. Chavez*, 584 F.3d 1354, 1364 (11th Cir. 2009).

#### A.

We will start with whether Garcia's sentence is procedurally unreasonable. 18 U.S.C. § 3553(a) "lists seven factors that a sentencing court must consider." *Gall v. United States*, 552 U.S. 38, 50 n.6 (2007). "In assessing procedural reasonableness, a court's failure to consider the [relevant] § 3553(a) factors constitutes significant procedural error." *United States v. Vandergrift*, 754 F.3d 1303, 1308 (11th

Cir. 2014) (cleaned up). "[A] court's consideration of an improper § 3553(a) factor is likewise erroneous." *Id.* 18 U.S.C. § 3583(e) governs sentencing after the revocation of supervision and lists the relevant Section 3553(a) factors to consider.

Garcia argues that his sentence was procedurally unreasonable for two main reasons.

First, Garcia says the district court failed to consider a relevant Section 3553(a) factor in sentencing him. What's the alleged ignored factor? It is a Sentencing Commission policy statement providing that a sentence imposed upon revocation of supervision "should sanction primarily the defendant's breach of trust" for failing to abide by the conditions of the court-ordered supervision. U.S.S.G. Ch. 7, Pt. A, intro. comment 3(b). Garcia says the district court did not base its sentence on a breach of trust. He is mistaken. Though the district court recognized "that the underlying crime was … not a real pretty one," it noted that "the real reason for the upward variance is the total abscondment" from supervision. That statement of the "real reason" refers to Garcia's breach of trust.

Second, Garcia says that the district court considered an improper Section 3553(a) factor. Specifically, he says it considered the seriousness of his violation and the need for just punishment, which are not listed among the relevant Section 3553(a) factors in Section 3583. To start, it is not clear that those are improper factors. After all, the very policy statement Garcia points to permits considering those factors "to a limited degree." *Id*. Moreover, the district court did not focus on those factors. The district court focused on

"abscondment." It emphasized that "Garcia was found in . . . a dangerous high speed and erratic chase … after total abscondment." And therefore, the district court found that "the [Section] 3553 factors, especially public safety . . . support this upward variance." The district court did not focus on seriousness or just punishment, but rather the need to protect the public, which *is* listed among the Section 3553(a) factors that Section 3583(e) directs courts to consider.

So we conclude that Garcia's sentence is not procedurally unreasonable.

*B.*

We next consider whether Garcia's sentence is substantively unreasonable. A district court imposes a substantively unreasonable sentence when it: "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation marks omitted). We will vacate the defendant's sentence only if "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1190 (quotation marks omitted).

Garcia argues that his sentence was substantively unreasonable for three main reasons, which somewhat mirror his procedural arguments.

First, Garcia says that the district court did not give sufficient weight to the policy statement discussed above, which directs district courts to base sentences imposed upon revocation of supervision primarily on the defendant's breach of trust. But, as explained above, the district court gave that statement great weight, if not explicitly. It said that "*the real reason* for the upward variance is the total abscondment" from supervision. That suggests that it based its sentence primarily on Garcia's breach of trust.

Second, Garcia says that the district court improperly afforded significant weight to the seriousness of his underlying offense. Again, not so. As noted above, it is not clear that this factor is an improper one. More importantly, the district court didn't focus on it. Instead, it discussed the facts of his offense in considering "public safety," which is a factor the statute directs district courts to consider.

Third, Garcia says that the district court committed a clear error of judgment in imposing an upward variance. Not so. A district court has "considerable discretion" in determining whether the Section 3553(a) factors justify any variance. *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008). The district court noted that this was no ordinary revocation of supervision. After all, Garcia did not just violate the terms of his supervised release. Rather, he did so in a dangerous fashion: he fled from authorities, leading them on a high-speed chase. The district court was especially worried about Garcia's threat to public safety, beyond the normal danger that typical post-revocation defendants pose. Faced with this

23-12279            Opinion of the Court                 7

record, we cannot say that we have a "definite and firm conviction that the district court committed a clear error of judgment." *Irey*, 612 F.3d at 1190.

## IV.

Because it did not impose a procedurally or substantively unreasonable sentence, the district court is **AFFIRMED**.