[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13990
Non-Argument Calendar

_____

D.C. Docket No. 1:06-cr-00023-LSC-JHE-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LATURUS MONTRAIL STONE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(April 24, 2019)

Before ED CARNES, Chief Judge, MARCUS, and ROSENBAUM, Circuit
Judges.

PER CURIAM:

Laturus Stone was sentenced to a fourteen-month term of imprisonment upon the revocation of his supervised release under 18 U.S.C. § 3583(e).  He now appeals, contending that the district court erred in varying upward from the guidelines range.

## I.

In 2006 Stone was sentenced to ten years imprisonment and five years of supervised release for conspiracy to distribute cocaine base and distribution of cocaine base.  He began his supervised release in 2015.  In November 2016 his probation officer discovered that Stone had been charged in state court for unlawful possession of a controlled substance and petitioned the district court to revoke Stone's supervised release.  In December 2017 the district court revoked Stone's supervised release and sentenced him to three months imprisonment and twelve months of supervised release.

In February 2018 Stone was released from custody and began his second term of supervised release.  In August 2018 his probation officer again petitioned the district court to revoke Stone's supervised release, alleging multiple violations of his supervised release including:  leaving the Northern District of Alabama without permission and failing to report after he was instructed to do so; submitting urine samples that tested positive for amphetamine and methamphetamine; failing

2

to participate in a mandatory drug education and counseling program; and failing to report for drug testing on three occasions.

At the revocation hearing, the district court noted that Stone's guideline range was four to ten months imprisonment but that the court could impose the statutory maximum of five years. Stone claimed that he had not left the Northern District of Alabama and had only told his probation officer he had because he was "strung out on drugs," but stipulated to the remaining violations. The government then recommended seven months incarceration and three years supervised release with inpatient drug treatment after release. The district court inquired about Stone's earlier state drug charge and expressed concern that Stone had violated the terms of his supervised release twice and that he had positive drug screens. The court sentenced Stone to fourteen months imprisonment and three years of supervised release, with the condition that he complete a six-month inpatient drug treatment program upon release. Stone objected to the court's four-month variance above the guidelines range. The court provided the following justification:

> Well to make it clear for the record, I believe that it was inappropriate to give him just the guideline because he had demonstrated through his various violations, some of which he got no — Judge Smith did not even have a hearing on him on one of his previous violations, I don't think. And that was at the recommendation of the probation office. But he has been continuing to violate the terms and [conditions] of his supervised release since he got out. He will experience a different result this time when [he] gets out if he violates. I will see him as quickly as I possibly can and deal with him appropriately.

3

Stone now appeals, claiming that this justification was inadequate and that the sentenced imposed was substantively unreasonable.

II.

We use a "two-step process" to evaluate the reasonableness of a sentence, first looking "at whether the district court committed any significant procedural error" and then at "whether the sentence is substantively unreasonable under the totality of the circumstances." United States v. Cubero, 754 F.3d 888, 892 (11th Cir. 2014). The only procedural error that Stone has alleged is that the district court failed to give an adequate explanation for its upward variance in violation of 18 U.S.C. § 3553(c)(2).

We review de novo a challenge to the adequacy of the district court's justifications pursuant to § 3553(c)(2). See United States v. Parks, 823 F.3d 990, 996 (11th Cir. 2016). A district court making "an upward variance must have a justification compelling enough to support the degree of the variance and complete enough to allow meaningful appellate review." United States v. Early, 686 F.3d 1219, 1221 (11th Cir. 2012). "[A] major departure should be supported by a more significant justification than a minor one." Gall v. United States, 552 U.S. 38, 50, 128 S. Ct. 586, 597 (2007).

Here the district court provided an adequate justification for the four-month upward variance, which resulted in a sentence well below the five-year statutory

4

maximum.  The court was clear that the variance was imposed because of Stone's repeated drug use in violation of the terms of his supervised release and this "compelling" justification is all that was required by § 3553(c)(2).  Early, 686 F.3d at 1221.

## III.

Stone also contends that his sentence was substantively unreasonable.  We review the substantive reasonableness of a sentence for an abuse of discretion, which means that we will sometimes "affirm the district court even though we would have gone the other way had it been our call."  United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation marks omitted).  In the revocation context the "guidelines are merely advisory, and it is enough that there is some indication the district court was aware of and considered them."  United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000) (per curiam).

Normally a district court is required to consider certain § 3553(a) factors in determining the defendant's sentence upon revocation of his supervised release.  See 18 U.S.C. § 3583(e).  "However, when revocation of supervised release is mandatory under 18 U.S.C. § 3583(g), the statute does not require consideration of the § 3553(a) factors."  United States v. Brown, 224 F.3d 1237, 1241 (11th Cir. 2000) (emphasis and quotation marks omitted), abrogated in part on other grounds in Tapia v. United States, 564 U.S. 319, 131 S. Ct. 2382 (2011).  The court is

required to revoke supervised release and impose a term of imprisonment where the defendant refuses to comply with drug testing imposed as a condition of supervised release.  See 18 U.S.C. § 3583(g)(3).  At sentencing the district court must still "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority."  Rita v. United States, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007).

Here the district court was statutorily required to revoke Stone's supervised release and impose prison time because he failed to appear for three drug tests. And the sentence imposed was not substantively unreasonable because the court's justification that Stone had repeatedly violated the terms of his supervised release by using controlled substances was sufficiently compelling to warrant its upward variance.  Even though the court was not required to consider the § 3553 factors, it took into account some of those factors, including Stone's history and characteristics and the need for deterrence.  See 18 U.S.C. § 3553(a)(1)–(2).  So we cannot say that the court abused its discretion in fashioning Stone's sentence.

**AFFIRMED**.

6