[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12283

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MARKUS D. BELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:14-cr-00003-TFM-C-1

_____

Before JORDAN, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

After appellant Markus D. Bell admitted that he violated the conditions of his supervised release, the district court revoked his supervised release and imposed a sentence of 24 months' imprisonment, which was above the applicable range under the Sentencing Guidelines. On appeal, Bell argues that his sentence was procedurally unreasonable because that the district court failed to explain why it imposed an upward variance. Because we agree with Bell that the district court failed to adequately explain its decision to impose an upward variance, we vacate and remand.

## I.

In 2018, Bell finished serving a 51-month sentence for a firearms offense. Upon his release, Bell began to serve a three-year term of supervised release. On three separate occasions, the district court found that Bell had violated the terms of his supervised release and revoked his supervised release. Each time, the district court sentenced Bell to a term of incarceration (each term was between six and eight months) followed by a term of supervised release.

In April 2022, Bell was released from custody and began to serve his most recent term of supervised release. One condition of the supervised release was that Bell complete it at a residential reentry center. On the day of his release, Bell was supposed to

report to a residential reentry center in Mississippi. But Bell never showed up at the center and failed to respond to his probation officer's multiple attempts to make contact. After Bell had been missing for approximately two weeks, the probation officer filed a petition to revoke Bell's supervised release. Bell was subsequently arrested and admitted that he had violated the terms of his supervised release.

In revocation proceedings, the probation officer made a confidential recommendation to the court about an appropriate sentence. The probation officer calculated Bell's Sentencing Guidelines range as 8–14 months' imprisonment. The probation officer recommended that the district court impose a sentence of 24 months with no period of supervised release to follow. He believed that this sentence was warranted because Bell showed "little respect . . . for rules and authority." Doc. 72 at 7.[1] Based on his "limited interaction[s] with Bell," the probation officer determined that Bell had "no intention of following the instructions and orders" of the court. *Id.*

At the revocation hearing, the district court found that Bell had violated the terms of his supervision and revoked his supervised release. At the hearing, the court heard from the parties about an appropriate sentence. Bell asked the court to impose a sentence of time served followed by six months of supervised release in which he would wear an ankle monitor. The government

---

[1] "Doc." numbers refer to the district court's docket entries.

requested that the court impose a sentence of 24 months. At no point during the revocation hearing did the parties or the court mention the applicable guidelines range.

After hearing from the parties, the court sentenced Bell to 24 months' imprisonment with no term of supervised release to follow. When the district court pronounced the sentence, the court did not mention any of the factors set forth at 18 U.S.C. § 3553(a)[2] or expressly acknowledge that it was imposing a sentence outside the applicable guidelines range.

This is Bell's appeal.

## II.

If a defendant fails to clearly and specifically object at the time of sentencing to the procedural reasonableness of a sentence imposed by the district court, we ordinarily review for plain error. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). But we review *de novo* whether a district court complied with 18 U.S.C. § 3553(c)(2) by stating with sufficient specificity its reason

---

[2] The sentencing factors set forth at § 3553(a) include the need to: deter criminal conduct; protect the public from the defendant's future criminal conduct; and effectively provide the defendant with educational or vocational training, medical care, or other correctional treatment. 18 U.S.C. § 3553(a)(2). Other factors include: the nature and circumstances of the offense, the history and characteristics of the defendant, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

for imposing a sentence outside the applicable guidelines range, even when the defendant did not raise an objection based on § 3553(c)(2) below. *United States v. Parks*, 823 F.3d 990, 996–97 (11th Cir. 2016); *see United States v. Oudomsine*, 57 F.4th 1262, 1265 (11th Cir. 2023) (same).

### III.

Upon finding that a defendant violated a condition of supervised release, a district court may revoke his supervised release and impose a term of imprisonment. *See* 18 U.S.C. § 3583(e)(3). When imposing a term of imprisonment, the district court must consider the § 3553(a) factors. *Id.*

A district court commits a significant procedural error if it fails to calculate the defendant's guidelines range; fails to consider the § 3553(a) factors; bases the sentence on clearly erroneous facts; or fails to adequately explain the sentence, including an explanation for any deviation from the guidelines range. *United States v. Hill*, 643 F.3d 807, 879 (11th Cir. 2011). If the district court imposes a sentence outside the applicable guidelines range, it must "state in open court . . . the specific reason" for the variance. 18 U.S.C. § 3553(c)(2). This statement "must be sufficiently specific so that an appellate court can engage" in meaningful review of the district court's decision to impose a variance. *Parks*, 823 F.3d at 997 (internal quotation marks omitted). If the district court fails to make an adequate statement, "the case *must be* remanded for resentencing." *Id.* (emphasis in original) (internal quotation marks omitted).

Bell argues that the district court committed a procedural error in this case because at the revocation hearing the "district court did not state a specific reason for the upward variance." Appellant's Br. at 9. We agree.

Because the 24-month sentence in this case was above the applicable guidelines range, the district court was required to state in court the specific reason for the variance. *See* 18 U.S.C. § 3553(c)(2); *Parks*, 823 F.3d at 997. The district court failed to do so. At the revocation hearing, the court gave no indication why it was imposing a sentence outside the guidelines range. In fact, it did not explain at the hearing why it selected a 24-month sentence and never mentioned any of the § 3553(a) factors. In addition, the district court failed to calculate the applicable guidelines range and did not expressly acknowledge that it was imposing an upward variance. Because the district court's statements at the revocation hearing are insufficient for us to engage in meaningful appellate review of the court's decision to impose an upward variance, we remand for resentencing.[3] *See Parks*, 823 F.3d at 997.

**VACATED AND REMANDED.**

---

[3] Having decided that we must remand for resentencing, we need not and do not reach Bell's argument that the 24-month sentence was substantively unreasonable.