[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12163

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

WILLIE DEMPS,
a.k.a. Willie Samuel Demps, Jr.,
a.k.a. Willie S. Demps,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

D.C. Docket No. 4:21-cr-00031-CDL-MSH-1

———————————————

Before NEWSOM, GRANT, and TJOFLAT, Circuit Judges.

PER CURIAM:

Willie Demps appeals his total sentence of 145 months' imprisonment, an upward variance from the guideline range of 97 to 121 months, for one count of conspiracy to commit bank fraud and two counts of tax evasion. Demps argues that his sentence is procedurally unreasonable because the District Court did not sufficiently explain its reasoning for imposing an upward variance or imposing partly consecutive sentences for tax fraud charges that are typically served concurrently. Demps also argues that his sentence is substantively unreasonable because it punished him excessively for his role in a conspiracy that was already the basis for an enhancement and was not grounded in facts from the presentence investigation report. Finally, Demps alleges that the Court focused solely on the seriousness of his offense and did not sufficiently consider other 18 U.S.C. § 3553(a) factors.

**I.**

A grand jury in the Middle District of Georgia returned a 71-count indictment against Willie Demps and seven co-conspirators. The government later issued a superseding information against Demps, charging him with one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. §§ 1344(2) and 1349 and two counts of tax evasion, in violation of 26 U.S.C. §7201.

Demps pleaded guilty to all three counts pursuant to a plea agreement.  As part of his plea agreement, Demps stipulated to a base offense level of seven for Count One under U.S.S.G. § 2B1.1(a)(1), as well as the following enhancements to the Count One base offense level: a 16-level enhancement under § 2B1.1(b)(1)(I) for a loss between $1.5 and $3.5 million; a four-level increase under §3B1.1(a) because Demps was an organizer or leader of a criminal activity that involved five or more participants; and a two-level increase under § 3B1.3 for abusing a position of public trust.

The presentence investigation report (the "PSR") described Demps's conduct as follows.  Demps was a 30-year employee with the Muscogee County, Georgia Clerk's Office and had risen to the level of Chief Deputy Clerk.  As part of this job, Demps received funds and maintained deposits to various Clerk's Office accounts; he was subject to no oversight regarding bank deposits or his management of the accounts.  Money from fines, forfeitures, and condemnations were given to Demps for deposit.

Upon her election as Clerk of Court in 2018, Danielle Forte observed money being handled incorrectly and requested an audit, which revealed missing funds totaling between $1.5 and $2.5 million.  The audit also determined that dozens of checks were incorrectly written from the Cash Bonds account and deposited into other accounts, some of which were supposed to have been closed.  Demps wrote checks from the supposedly closed accounts to his family and friends.  Demps did not timely produce requested information for the auditor.

The auditor gave Demps a deadline of December 2, 2019, by which he was required to comply with the requests for production. On that date, he called in sick and submitted a notice of his retirement via email. He was also observed leaving his office after hours with boxes of unidentifiable objects; the auditor noticed that many of the documents previously in Demps's office were no longer there.

Based on the audit, Demps was responsible for taking approximately $1.2 million in 2019 alone. Over $800,000 in checks had been written from Clerk's Office accounts, and approximately half of those checks were written to the same six people. The investigation uncovered that Demps used those individuals to cash the checks. Demps would write a check, meet with a "casher" in the parking lot of the Government Center or at a bank, give them the check, and then wait for the casher to return with the money. Many of the checks were cashed in Alabama, and a wire was submitted to the bank of origin in Georgia to approve the transaction; in other instances, the checks were cashed in Georgia and the money then transported to Alabama. Demps gave the casher a small portion of the transaction and kept the rest for himself. Demps issued at least 330 checks totaling $1,323,045.21.

With the money, Demps purchased expensive cars, sent his children to private school, and wired money to his wife's family in Africa. The investigation revealed that Demps deposited $147,455 and $327,787 in his personal bank accounts in 2018 and 2019,

respectively; in those same years he reported only $35,996 and $38,531, respectively, as his taxable income.

The PSR indicated that the base offense level was seven, and it assessed the above-mentioned enhancements. In addition to the enhancements Demps stipulated to, the PSR assessed Demps a two-level sophisticated means enhancement pursuant to U.S.S.G. § 2B1.1(b)(10)(C) and a two-level enhancement for deriving more than $1,000,000 in gross receipts from one or more financial institutions under § 2B1.1(b)(17)(A). The total offense level for the conspiracy to commit bank fraud charge was 33. After a three-level reduction for acceptance of responsibility under § 3E1.1, Demps's final offense level was 30. Demps had a criminal history score of zero and a corresponding criminal history category of I. The PSR also explained that the maximum term of imprisonment for conspiracy to commit bank fraud was 30 years, and that the maximum term of imprisonment for tax evasion was five years per count. The guideline imprisonment range was 97 to 121 months' imprisonment. Neither the government nor Demps objected to the PSR.

At the sentencing hearing, the Court announced that it had considered the advisory sentencing range, the sentencing factors found at 18 U.S.C. § 3553(a), and the facts presented in the case. The Court sentenced Demps to the guideline maximum of 121 months' imprisonment for conspiracy to commit bank fraud. Demps was sentenced to 60 months for each of the two tax evasion counts. Twelve months of each tax evasion sentence was to be

served consecutive to the conspiracy sentence, for a total sentence of 145 months.  The Court stated:

> To the extent that running Counts 2 and 3 partly consecutive, or in addition to, Count 1, to the extent that is considered to be an upward variance from the guideline range, the Court finds that that variance is appropriate and necessary in this case in order to accomplish the purposes of the sentencing factors found at 18 U.S.C., Section 3553(a).

Sent'g Hr'g Tr., Doc. 252 at 20–21.  The Court believed that this case was different because in addition to victimizing the Muscogee County Clerk's Office and the citizens of Muscogee County, Demps's co-conspirators were also his victims because he took advantage of them.  The Court asked if there were any objections. Demps's attorney objected to the consecutive nature of the tax evasion sentences as an upward variance that was not authorized by the sentencing factors.

Demps timely appealed.  On appeal, he argues that his total sentence is procedurally unreasonable because the Court did not adequately explain its chosen sentence.  He argues that his sentence is substantively unreasonable because the Court focused on one of the § 3553(a) factors, seriousness of the offense, and discounted the other statutory factors, like his advanced age.  He also argues that it was improper for the Court to classify his co-conspirators as victims because nothing in the record suggested that they were anything other than knowing participants, and that to the extent that

Demps recruited them, that conduct was already accounted for in the four-level § 3B1.1(a) enhancement.

## II.

When reviewing a sentence for procedural reasonableness, we consider legal issues *de novo* and review factual findings for clear error. *United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010). When a defendant challenges the procedural reasonableness of his sentence on the grounds that the district court did not state its reasons for imposing a sentence outside the guideline range as required by 18 U.S.C. § 3553(c)(2), we review the claim *de novo* even if the defendant did not object below. *United States v. Parks*, 823 F.3d 990, 996 (11th Cir. 2016).

A sentence is procedurally unreasonable if the court fails to adequately explain the chosen sentence, and additional explanation may be necessary if the court deviates from the guideline range. *Gall v. United States*, 552 U.S. 38, 50–51, 128 S. Ct. 586, 597 (2007). Although the district court is required to consider the § 3553(a) factors, it is not required to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each one. *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013). Additionally, a failure to discuss mitigating evidence does not indicate tat the court ignored or failed to consider the evidence in error. *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007).

When reviewing a sentence for substantive reasonableness, we consider the totality of the circumstances under a deferential abuse-of-discretion standard. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597.

The party challenging the sentence bears the burden of establishing that it is unreasonable based on the facts of the case and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). This Court will vacate a sentence only if it is "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (internal quotation marks omitted).

A district court abuses its discretion when it: "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (internal quotation marks omitted). The proper factors are set out in § 3553(a) and include the nature and circumstances of the offense, the personal history and characteristics of the defendant, the seriousness of the crime, the promotion of respect for the law, just punishment, adequate deterrence, and the protection of the public. 18 U.S.C. § 3553(a). The district court does not have to give all the factors equal weight and is given discretion to attach great weight to one factor over another. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). However, a sentence that "is grounded solely in one factor" may be unreasonable. *United States v. Pugh*, 515 F.3d 1179, 1194 (11th Cir. 2008). Along with the § 3553(a) factors, the district court should

consider the particularized facts of the case and the guideline range. *Rosales-Bruno*, 789 F.3d at 1259–60.

The sentencing court has wide discretion to conclude that the § 3553(a) factors justify a variance. *United States v. Rodriguez*, 628 F.3d 1258, 1264 (11th Cir. 2010), *abrogated on other grounds by Van Buren v. United States*, 141 S. Ct. 1648 (2021). In imposing an upward variance, the court can rely on factors previously considered in imposing an enhancement. *Id.* (holding that varying upward from the guideline range to account for multiple victims was not procedurally unreasonable, even when an enhancement was applied on the same grounds). A major variance must be supported by more significant reasoning than a minor one, but the court need not discuss each factor in its justification. *Gall*, 552 U.S. at 50, 128 S. Ct. at 597. Even if an upward variance is imposed, a sentence that is well below the statutory maximum for the offense is more likely to be reasonable. *United States v. Dougherty*, 754 F.3d 1353, 1364 (11th Cir. 2014). The court also has discretion to impose consecutive sentences in consideration of the § 3553(a) factors, including when charges arise from the same statutory provisions and are grouped in the guideline range calculation. *See United States v. Bonilla*, 579 F.3d 1233, 1245 (11th Cir. 2009) (upholding consecutive sentencing for multiple counts of identity theft and because the court offered a detailed explanation for its decision, expressing special concern for the seriousness of the offense).

Here, Demps's 145-month total sentence, a 24-month upward variance, is procedurally reasonable because the District

Court sufficiently explained its reasoning. According to the Court, the variance was necessary to provide just punishment for each offense, account for the number of victims of his conspiracy and fraud, and reflect the seriousness of the offense and need to promote the rule of law. The record is clear that the Court imposed the partly consecutive sentences to ensure Demps was punished with imprisonment for each separate tax offense in addition to the conspiracy to commit bank fraud. The Court also emphasized that the number of victims in this case was actually higher than the PSR showed, because Demps took advantage of friends and family members by making them a part of the scheme.

Likewise, Demps's sentence is substantively reasonable because the Court was permitted to vary upward based on factors accounted for in the guideline range and was not constrained by the PSR not indicating that a variance was warranted. The Court also properly weighed Demps's personal characteristics, the nature of the offenses, the seriousness of the crime, the need to protect the public, and just punishment in determining that an upward variance was warranted. The Court considered whether Demps acted out of greed or opportunism, as well as that he took advantage of his friends and family. The Court also considered the public trust that had been placed in Demps, and that his actions harmed the citizens of the entire county. It took into consideration the nature and seriousness of the crime and the need for public protection.

While the District Court did not specifically mention that it had considered Demps's age, it did not have to mention that

specifically.  The Court stated that it had considered the guideline range, the § 3553(a) factors, and the particular facts of the case.  It did not need to do more than that.  We cannot say that we are left with a firm and definite belief that the District Court's sentence was a clear error of judgment.

Because Demps's sentence is both procedurally and substantively reasonable, we affirm.

**AFFIRMED.**