[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13782

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

COLE ALLAN PEACOCK,
a.k.a. Cole Watson,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cr-20335-JLK-1

_____

Before BRASHER, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Cole Peacock appeals his 37-month above-guideline sentence for making false entries and creating false documents. On appeal, he argues that his sentence is both procedurally and substantively unreasonable. After review, we affirm.

## I.    FACTUAL BACKGROUND & PROCEDURAL HISTORY

In 2021, a federal grand jury indicted Peacock with one count of making a materially false statement in a matter within the jurisdiction of the executive branch of the United States Government by denying prior convictions on his student pilot application, in violation of 18 U.S.C. § 1001 ("Count 1"); three counts of making false entries in documents within the jurisdiction of the U.S. Department of Transportation by making false endorsements in his pilot logbook, in violation of 18 U.S.C. § 1519 ("Counts 2, 3, and 4"); and one count of falsifying a document in a matter within the jurisdiction of the U.S. Department of Transportation by falsifying an aircraft bill of sale, again, in violation of 18 U.S.C. § 1519 ("Count 5").

Peacock was released on bond pending the resolution of the case. Thereafter, in 2022, the government moved the court to revoke Peacock's bond and imprison him pending resolution of his charges. It noted that Peacock had been arrested by the Monroe

County Florida's Sheriff's Office for criminal mischief and tampering or damaging a sewer system, and after arrest, he confessed to police. Peacock responded, noting he was already in state custody and that he did not oppose the government's motion. A magistrate judge granted the government's motion and revoked Peacock's bond.

Shortly thereafter, Peacock appeared at his change of plea hearing. There, Peacock pled guilty to Counts 2 and 5 in the indictment, and the government and Peacock put forth the following factual proffer. With respect to Count 2, he admitted that, over a six-month period, he knowingly made a false entry into his pilot logbook to impede or obstruct the proper administration of pilot licensing. He admitted that, while he was only in possession of a student pilot certificate, he had unlawfully flown with a passenger from a Miami airport to the Orlando International Airport. He then created a fraudulent endorsement in his flight logbook, purportedly issued and signed by his flight instructor, which he then presented to Federal Aviation Administration ("FAA") officials. He also admitted that he had falsified one other endorsement in the past. With respect to Count 5, he admitted that he had falsified an aircraft bill of sale he submitted to the FAA concerning a plane that had been reported stolen and found in his possession. Specifically, in February 2021, an individual reported a plane bearing a Venezuelan tail #YV3343 stolen. Investigators located the missing aircraft, but discovered the tail number had been changed and was now purportedly owned by Peacock. Peacock had submitted a forged bill of sale to the FAA, and he admitted to painting over the plane's

original tail numbers. After making this factual proffer, the magistrate judge recommended the district court accept Peacock's guilty plea to Counts 2 and 5. The district court later accepted the guilty plea.

Peacock's presentence investigation report ("PSI") summarized the offense conduct in largely the same manner as the proffer statement. It added that Peacock had forged a third endorsement in his flight logbook and provided false information on his student-pilot-certificate application to the FAA. Its discussion of Count 5 only included additional details describing the FAA's and Department of Transportation officials' investigations of the stolen aircraft and falsified sale documents. It concluded that Peacock "used fraudulent documentation submitted to the FAA to steal a Venezuelan Lear jet aircraft."

The PSI then calculated Peacock's guideline sentencing range. The PSI grouped Counts 2 and 5 and calculated a base offense level of 14, pursuant to U.S.S.G. § 2J1.2(a). The PSI increased the score by two levels because the offense involved the alteration and fabrication of a substantial number of records or documents. Although Peacock pled guilty, the PSI did not decrease the calculation by three levels for acceptance of responsibility because it considered Peacock's intervening arrest to constitute a failure to withdraw from criminal conduct. Thus, the PSI set the total offense level at 16.

The PSI then listed Peacock's criminal history, which included (1) two convictions of grand theft, based on the use of

counterfeit checks; (2) one conviction of resisting an officer with violence; (3) one conviction of creating a false report of a bomb to a sheriff's office; (4) one conviction of impersonating a law enforcement officer; and (5) one conviction of larceny, based on impersonating a board member of a multimillion-dollar company. Based on these convictions, the PSI determined that Peacock fell within criminal history category IV. The PSI ultimately calculated Peacock's guideline range to be 33 to 41 months' imprisonment, with both counts holding a statutory maximum of 20 years.

Peacock objected to the PSI's calculations, arguing that he should be granted the three-level reduction for acceptance of responsibility. The probation officer and the government both opposed Peacock's objection. Peacock then provided supplemental information describing his history with mental illness, including that he had been diagnosed with multiple mental disorders at a young age, had spent time in a psychiatric unit as a youth, and had been prescribed various medications. He made no additional objections.

Before sentencing, Peacock submitted letters in support of mitigation from his mother, grandfather, and grandmother. The government submitted a sentencing memorandum in which it argued that Peacock should be sentenced to at least 37 months' imprisonment because his falsification of the documents concerning the stolen plane effectively constituted theft, rather than mere obstruction of a regulatory agency. It stated that, if the probation officer had calculated the guideline range under the section

covering theft crimes, the guideline range would have been 37 to 46 months' imprisonment. It also attached a valuation of the relevant plane, which was calculated to be worth $174,960.65.

At the sentencing hearing, the district court sustained Peacock's objection regarding the acceptance-of-responsibility reduction and recalculated the applicable guideline range to be 24 to 30 months' imprisonment. Peacock made no further objections to the PSI.

The district court then stated its intention to sentence Peacock within the guideline range, subject to further argument from the parties. The government restated its request that the court sentence Peacock to 37 months' imprisonment. To Count 5 specifically, it stated that, "essentially, the defendant, through his false paperwork, stole a Learjet," and if the guideline section covering theft crimes had been used, the bottom of the guideline range would have been 37 months. It explained, "the Government feels that he stole an airplane and that's what his fraudulent documents really did, and that's what he should be held responsible for, not just submitting false paperwork." It emphasized that this offense was serious by pointing to the high cost of the plane.

The government also argued that Peacock showed a pattern of theft and fraud in his criminal history, and that this history, compounded with his present conviction and intervening arrest, indicated that he was "a career thief." The government argued for an upward variance because of Peacock's persistence in engaging in

criminal activity and the high likelihood of him committing further crimes.

In response to the government's position, Peacock high-lighted that he was not charged with a theft, nor did he plead guilty to any theft charges. He further pointed out that, even if the court were to use the theft guideline section, with the reduction for acceptance of responsibility, the guideline range would be 27 to 33 months, which was still below the government's recommendation of 37 months. He also maintained that the court should not vary upward due to his criminal history because the guidelines already took it into account in determining his criminal history category of IV and guideline range. Next, Peacock asked the court to consider the mitigation letters from his family and his history of mental illness and requested that he receive mental health treatment and counseling as a special condition of supervised release. Lastly, Peacock's fiancée and father testified on his behalf, after which Peacock himself apologized to the court and expressed his hopes for the future.

The government then argued that Peacock needed to be punished to deter him from future criminal conduct and because of the seriousness of his offense. It stated that the facts "essentially indicate[d] the theft of an airplane," and that while Peacock may not have been charged with theft, the factual proffer indicated that a theft occurred, and that Peacock was the culprit. Peacock responded that he was genuinely remorseful and wanted to fix his situation through counseling and treatment. He acknowledged the

seriousness of his criminal history but asked the court "to give him a chance" considering his support system, and he requested a 24-month sentence.

Ultimately, the district court varied upward from the guideline sentencing range and sentenced Peacock to a 37-month total sentence. The court explained that it had considered each party's arguments, the PSI, the sentencing guideline range, and the 18 U.S.C. § 3553(a) sentencing factors. It further stated that it considered the documentary evidence, the letters Peacock submitted, and the witness's testimonies. The court then explained that this case was an "unusual" one that called upon him to impose a sentence that departed from the guidelines range due to the importance in establishing that the conduct Peacock engaged in could not be condoned or allowed in the future. It then sentenced Peacock to 37 months' imprisonment for both counts, to run concurrently, followed by 3 years' supervised release, and it dismissed Counts 1, 3, and 4. It also recommended that Peacock be placed in an institution with access to mental health treatment. Peacock objected to the reasonableness of the upward variance and filed the instant appeal.

## II.    ANALYSIS

### A.  Peacock's Sentence is Procedurally Reasonable.

We review for an abuse of discretion the procedural reasonableness of a sentence. *United States v. Waters*, 937 F.3d 1344, 1258 (11th Cir. 2019). A sentencing court abuses its discretion if it crafts "a sentence based on clearly erroneous facts." *Id.* (internal

quotation marks omitted) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).

We review factual findings for clear error. *United States v. Philidor*, 717 F.3d 883, 885 (11th Cir. 2013). "A fact finding is clearly erroneous when, after reviewing all the evidence, the court 'is left with the definite and firm conviction that a mistake has been committed.'" *Id.* (quoting *United States v. Gupta*, 572 F.3d 878, 887 (11th Cir. 2009)). Importantly, a district court can rely on any undisputed facts within the PSI, *id.*, because the failure to object to those facts serves as an admission to those facts for the purposes of sentencing, *United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006). However, when a defendant objects to a factual basis of his sentence, "the government has the burden of proving the disputed fact by a preponderance of the evidence." *Philidor*, 717 F.3d at 885. Although the preponderance-of-the-evidence standard is less rigorous than others, the district court must still "ensure that the Government carries [its] burden by presenting reliable and specific evidence." *United States v. Lawrence*, 47 F.3d 1559, 1566 (11th Cir. 1995).

Once a district court decides its sentence, it "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall*, 552 U.S. at 50. In doing so, however, "the district court does not need to discuss or state each factor explicitly." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). In fact, "[a]n acknowledgment the district court has considered the defendant's arguments and the § 3553(a) factors will suffice." *Id.* Additionally, the

sentencing court does not have to explicitly discuss all of the mitigating factors when explaining its decision. *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007).

However, where a sentence is outside of the guideline range, the court has a greater duty to explain its reasoning. 18 U.S.C. § 3553(c)(2). We have vacated sentences outside of the guideline range where "the district court did not provide *any* reason for [the] sentence." *United States v. Parks*, 823 F.3d 990, 997 (11th Cir. 2016) (emphasis in original). Thus, district courts must state the specific reason it imposed a non-guideline sentence in such a way that this Court can engage in a meaningful appellate review. *Id.*

On appeal, Peacock contends the district court imposed a procedurally unreasonable sentence because the upward variance was based upon conduct that he had not been formally charged with or proven by a preponderance of the evidence, specifically, the finding that he stole a plane. He also asserts that the district court insufficiently explained the reason for the upward variance.

Here, Peacock's sentence is not procedurally unreasonable. In determining Peacock's sentence, the district court did not rely on any extraneous facts that were not included in the factual proffer in support of the plea or the PSI. The facts contained in both proved, by a preponderance of the evidence, that Peacock used fraudulent documentation to illegally obtain the plane. While Peacock argued below that he was not charged with theft and should not be sentenced based on the alleged theft, he never objected to the specific fact that he stole the plane. Thus, the theft was

admitted for the purposes of its consideration during sentencing. *Wade*, 458 F.3d at 1277 ("It is the law of this circuit that a failure to object to allegations of fact in a PSI admits those facts for sentencing purposes.").

Additionally, the district court clearly explained each of the factors it considered in imposing an upward variance and why it ultimately chose to impose an above-guidelines sentence. *Parks*, 823 F.3d at 997. As such, the district court did not abuse its discretion and imposed a procedurally reasonable sentence.

### B. *Peacock's Sentence is Substantively Reasonable.*

We also review for an abuse of discretion the substantive reasonableness of a sentence. *United States v. Green*, 981 F.3d 945, 953 (11th Cir. 2020). The party challenging a sentence bears the burden of showing it "is unreasonable in light of the record and the § 3553(a) factors." *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008). A district court abuses its discretion in this context when it (1) fails to consider "relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment" by balancing the proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*) (internal quotation marks omitted) (quoting *United States v. Campa*, 459 F.3d 1121, 1174 (11th Cir. 2006) (*en banc*)).

Section 3553(a) mandates that the district court "shall impose a sentence sufficient, but not greater than necessary," to "reflect the seriousness of the offense, to promote respect for the law,

and to provide just punishment for the offense;" "afford adequate deterrence to criminal conduct; protect the public from further crimes of the defendant;" and "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(A)-(D).  In addition, the court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the kinds of sentences available;" the guideline sentencing range; any applicable policy statements; "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been convicted of similar conduct;" and the need to provide restitution to offense victims.  *Id.* § 3553(a)(1), (3)-(7).

Our review involves "examining the totality of the circumstances" and whether the § 3553(a) factors support the sentence. *Gonzalez*, 550 F.3d at 1324.  We will only vacate a sentence as unreasonable if "we are left with a definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (internal quotation marks omitted) (quoting *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)).

District courts have "discretion to decide how much weight to give each § 3553(a) factor." *Williams*, 526 F.3d at 1323.  While the district court is required to consider all § 3553(a) factors, it "is permitted to attach 'great weight' to one factor over others."

*United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009) (quoting *Gall*, 552 U.S. at 57).  Moreover, district courts are permitted to consider a wide array of information related to a defendant's background and character in imposing an upward variance.  *United States v. Tome*, 611 F.3d 1371, 1379 (11th Cir. 2010).  "[T]he district court, in imposing a variance, may consider conduct that a probation officer already had considered in calculating the defendant's advisory guidelines range."  *United States v. Moran*, 778 F.3d 942, 983 (11th Cir. 2015).  Further, "variances from the advisory guidelines range can sometimes be based on the sentencing judge's disagreement with whether a guideline properly reflects the § 3553(a) factors."  *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015).

A sentence outside of the guideline range is not presumably unreasonable, but we may consider the extent of a variance in our review of the reasonableness of a sentence.  *Shaw*, 560 F.3d at 1237.  A court selecting a sentence outside the guideline range must have a justification "sufficiently compelling to support the degree of the variance."  *Gall*, 552 U.S. at 50.  We give weight to a district court's decision to vary, because the district court has substantial discretion "in deciding whether the § 3553(a) factors justify a variance and the extent of one that is appropriate."  *Shaw*, 560 F.3d at 1238.  "A sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence."  *United States v. Riley*, 995 F.3d 1272, 1278 (11th Cir. 2021).

On appeal, Peacock argues his sentence is substantively unreasonable because the district court's reasoning did not justify the upward variance. He asserts that the district court improperly considered the plane theft, while discounting his mental health history and the applicable guideline range.

Here, Peacock's sentence is also substantively reasonable. The district court considered all relevant § 3553(a) factors, as evidenced by its explicit statement during sentencing. It also considered the mitigating evidence Peacock submitted, the record as a whole, the PSI, and the guideline range. As explained previously, the district court did not improperly consider the plane theft. Moreover, the district court explained why it varied upwards, despite the advisory guideline recommendation, noting that Peacock's continued history of criminal conduct and general deterrence justified the variance. *Gall*, 552 U.S. at 50. Finally, Peacock's sentence is well below the statutory maximum of 20 years, further supporting the sentence's reasonableness. *Riley*, 995 F.3d 1272, 1278. For these reasons, the district court did not abuse its discretion and imposed a substantively reasonable sentence.

## III.    CONCLUSION

For the reasons outlined above, we **AFFIRM** Peacock's sentences.